■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK CARTLEDGE, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: The trial court properly concluded that defendant's statutory right to a speedy trial pursuant to CPL 30.30 was not violated. On indictment 780/83, the People announced their readiness within six months and on indictment 868/83, after excluding a four-month period chargeable to defendant for motions, the People were ready within six months from commencement of the action (CPL 30.30 [1], [4]). We also conclude that defendant was not deprived of his constitutional right to a speedy trial. Most of the delay was caused by defendant's motion practice, court congestion, the engagement of defendant's initial counsel on other trials, and, on indictment 868/83, defendant's request for, and the subsequent assignment of, substitute trial counsel. Moreover, defendant failed to demonstrate any prejudice caused by the delay, and he was incarcerated prior to trial due

to his violation of parole, not by reason of the pending charges.

At the trial of indictment 780/83, the victim and two eyewitnesses testified that defendant shot the victim. Defendant testified that someone else did the shooting. Viewing the evidence in a light most favorable to the prosecution and according the People the benefit of every reasonable inference, the proof was legally sufficient to support the jury conviction.

On indictment 868/83, although the photograph, guns and bullets introduced into evidence had dubious evidentiary value, proof of defendant's guilt was overwhelming and there is no significant probability that, absent any error in the admission of those exhibits, the jury would have returned a different verdict. Any error was, therefore, harmless *(see, People v Crimmins,* 36 NY2d 230). (Appeal from judgment of Monroe County Court, Wisner, J.—criminal possession of weapon, second degree.) Present—Callahan, J. P., Denman, Green, Balio and Davis, JJ.