OPINION OF THE COURT
Alexander, J.
The question we confront today is whether a criminal defendant who is represented by counsel and who specifically requests the assistance of his attorney at an investigatory lineup may be subjected to such a lineup by the police without defendant’s lawyer being notified of the impending lineup and afforded an opportunity to appear.
I
On the evening of July 22, 1983, an unknown assailant dressed completely in black and wearing silver sunglasses followed a group of three women and four children into the elevator of an apartment building located at 700 West 176th Street in Manhattan. The assailant robbed the three women at gunpoint and fatally shot one woman in the abdomen. Additionally, as he fled the scene, he fired a shot at one of the victims’ neighbors who attempted to pursue him.
Two days later, after having met with several eyewitnesses and obtaining descriptions of the suspect, a police artist prepared a composite sketch of the perpetrator. Officer McCormick, the investigating officer assigned to the case, showed the sketch to Detective Lehan who was investigating a similar robbery/homicide. Lehan indicated that the sketch resembled defendant who was a prime suspect in the case he was investigating. McCormick then arranged for his witnesses to view a photo array containing defendant’s photograph. Although two witnesses tentatively identified defendant as the perpetrator, McCormick decided not to schedule a lineup at that time because there had been no positive identification. About one week later, however, he learned that defendant was incarcerated at Hikers Island on an unrelated charge in respect to which he was represented by counsel. McCormick further ascertained that defendant was being brought to the 34th Police Precinct pursuant to court order for a lineup in connection with Lehan’s robbery/homicide case and decided *247 that he would have his witnesses view defendant the same day.
Defendant was brought to the 34th Precinct on August 30 and was placed in a lineup arranged by Detective Lehan. After that lineup was concluded, McCormick told defendant that he would be kept at the precinct for an additional lineup in connection with another homicide. Defendant protested and asked that his lawyer be present for any additional lineups. The police took no action to comply with this request, however, although they were fully aware that defendant was then represented by counsel on the matter for which he was incarcerated.
Over the course of the next 12 hours, McCormick conducted two further lineups during which five witnesses in the instant case viewed defendant. Of the three witnesses who viewed the first lineup, one was unable to make an identification and the remaining two made only tentative identifications of defendant. The two witnesses who viewed the second lineup, however, positively identified defendant as the perpetrator. Defendant was subsequently charged by indictment with two counts each of murder in the second degree and attempted robbery in the first degree and one count each of robbery in the first degree and attempted murder in the second degree.
Contending, inter alia, that his right to counsel had been violated at the lineup viewings, defendant moved before trial to suppress all identification testimony. The hearing court concluded, however, that defendant’s right to counsel had not attached at the McCormick lineups since defendant was not placed in those lineups "by any order of [sic] Court nor by any proceeding involved in this case”. That court therefore denied the suppression motion to the extent of permitting evidence of the lineups to be admitted at trial and allowing the two witnesses who had positively identified defendant at the second lineup viewing to make in-court identifications of defendant. Defendant was subsequently convicted, after jury trial, of all counts in the indictment.
The Appellate Division, relying on our decision in People v Coleman (43 NY2d 222), unanimously reversed defendant’s conviction and ordered a new trial, holding that the lineup identifications were obtained in violation of defendant’s right to counsel and should have been suppressed. The court determined that the court order of removal authorizing Detective Lehan’s lineup triggered defendant’s right to counsel and that *248 this right attached to all subsequent lineups to which he was subjected at the police precinct. The court concluded further that defendant had been deprived of a fair trial as a result of numerous instances of prosecutorial misconduct.
Leave to appeal was granted to the People by a Judge of this court. We now affirm but for reasons other than those cited by the Appellate Division.
II
In People v Blake (35 NY2d 331), we held that the presence of counsel at investigatory lineups, though desirable, is not mandated in all circumstances and that identifications made at such lineup viewings in the absence of counsel do not necessarily require suppression. We there noted that in the early stages of a police investigation "[t]here is trenchant need for quick verification of identity, cause for arrest and detention, and the desirability of early or even immediate release of those falsely accused of crime” and that given these concerns "the importance of staging a prompt viewing is paramount to the desirability of counsel’s presence at such identifications, if delay is involved” (People v Blake, 35 NY2d, at 336-337, supra). We warned, however, that "[w]hen an accused, at any stage, before or after arraignment, to the knowledge of the law enforcement agencies, already has counsel, his right or access to counsel may not be denied” (id., at 338). Additionally, we cautioned that "[wjhere the accused has counsel known to the law enforcement authorities or there is insufficiently explained delay which prevents him from obtaining counsel as he would on arraignment, and he has not waived the right to counsel, the circumstances may establish his right to counsel at the viewing, the breach of which should result in exclusion” (People v Blake, 35 NY2d, at 340-341, supra).
Later, in People v Hawkins (55 NY2d 474), we once again declined to interpret our State Constitution so as to provide criminal defendants with a right to counsel at lineups held prior to the commencement of formal adversarial proceedings, stating that "the limited benefits provided by counsel at investigatory lineups are far outweighed by the policy considerations militating against requiring counsel at this stage of the investigatory process” (People v Hawkins, 55 NY2d, at 486-487, supra). Nevertheless, we repeated the warning given in Blake that although the State has no obligation to supply counsel at investigatory lineups, "if a suspect already has *249 counsel, his attorney may not be excluded from the lineup proceedings” (id., at 487). Furthermore, although we acknowledged that the police are not required to suspend an investigatory lineup in anticipation of the arrival of counsel if this would cause unreasonable delay, we stressed that the appropriate course of action would depend on "whether the delay would result in significant inconvenience to the witnesses or would undermine the substantial advantages of a prompt identification confrontation” (id., at 487).
In the instant case, it is undisputed that prior to the first of two additional lineups held after the conclusion of the court-ordered lineup, defendant explicitly requested the assistance of his attorney. Yet, although the police knew full well that defendant was represented by counsel on the charge for which he had been incarcerated, his request was summarily denied.* Our decisions in Blake and Hawkins plainly render this police action improper. Though law enforcement authorities ordinarily are not required to notify counsel of an impending investigatory lineup absent a specific request to do so, when the police are aware that a criminal defendant is represented by counsel and the defendant explicitly requests the assistance of his attorney, the police may not proceed with the lineup without at least apprising the defendant’s lawyer of the situation and affording him or her an opportunity to appear. Indeed, to do otherwise in such circumstances would substantially impede the defendant’s access to his attorney and would effectively exclude counsel from the lineup proceedings (People v Hawkins, 55 NY2d, at 487, supra; People v Blake, 35 NY2d, at 338, supra). Significant in this regard is the fact that the lineups were conducted over one month after the crime took place and, therefore, the concerns articulated in Blake and Hawkins relating to the need for prompt identification confrontations are conspicuously absent here. In these circumstances, the failure of the police to make any attempt to notify defendant’s attorney of the impending lineup is inexcusable and a clear violation of the right to counsel.
In this robbery/murder case, where defendant offered an *250 alibi defense at trial and the identification testimony of the People’s witnesses comprised the critical proof against him, the failure to exclude evidence of the pretrial lineup identifications which also served to bolster the two in-court identifications cannot be deemed harmless error (see, People v Jackson, 74 NY2d 787 [decided herewith]; People v Dodt, 61 NY2d 408, 417). In any event, a further hearing must be held, unless waived by defendant, to determine whether the in-court identifications themselves had an independent source or were tainted by the improperly held second lineup and thereby rendered inadmissible (see, People v Jackson, 74 NY2d 787, supra; People v Dodt, 61 NY2d, at 417, supra). Since there must be a new trial, we need not and do not address defendant’s additional claim that prosecutorial misconduct denied him a fair trial.
For the foregoing reasons, the order of the Appellate Division should be affirmed.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed.

 At the suppression hearing, Officer McCormick testified that he had assumed that defendant’s counsel previously had been informed about the lineup conducted by Detective Lehan and that since the attorney had not appeared for that lineup there was no need to inform him of the additional lineup viewings. When pressed, however, McCormick conceded that he had no personal knowledge of whether defendant’s counsel had actually been notified about Lehan’s lineup.