OPINION OF THE COURT
Micki A. Scherer, J.
The defendant, Wallace Frazier, is charged in an information with petit larceny and criminal possession of a weapon in the fourth degree. The defendant’s motion for a Wade hearing was granted and a hearing was held before me on July 20, 1989. Initially, the defendant’s request for such a hearing rested solely on his assertion that the lineup was unduly suggestive. At the hearing, however, the defendant raised for the first time the absence of counsel at the lineup as a secondary basis for excluding the lineup identification at trial.
*662 The People opposed the introduction of evidence with respect to the issue of the absence of counsel urging that they were not given adequate notice of this claim. The court permitted testimony on this issue and granted the People an opportunity for a reasonable adjournment to investigate this issue and present further evidence or testimony. The People did not exercise this option.
The court now holds that despite the fact that defendant raised this issue in an untimely fashion, the People do not claim to have been and in fact, have not been prejudiced. In the absence of prejudice, the interests of justice require that the court consider the defendant’s request for a ruling on this issue.
At the hearing the People presented Detective Thomas Hickey, who investigated the charges, arrested the defendant and arranged the lineup. The defendant testified on his own behalf.
The facts are as follows:
On January 13, 1989, Detective Hickey interviewed Raymond Mason, the complaining witness herein, regarding an alleged robbery on January 13, 1989. Mr. Mason told Detective Hickey that two brothers from the Fort Green housing project had robbed him. Mr. Mason did not know the alleged perpetrators’ names but described them as male blacks about 20 to 25 years old.
Thereafter, Detective Hickey requested that Mr. Mason examine photographs and during the course of a 15-to-30-minute period, Mr. Mason identified two photographs as the individuals who had robbed him. One of these two individuals was identified by the officer at the hearing as Wallace Frazier, the defendant.
On January 31, 1989, the defendant was arraigned in Kings County on an unrelated Criminal Court complaint charging him with sale and possession of marihuana. An out-of-county warrant was also lodged against him, charging theft of services in New York County.
When the cases were called, the defendant, through his appointed 18-B panel attorney, advised the court that Detective Hickey was present to arrest the defendant on the robbery charge underlying the instant case. The Arraignment Judge granted an adjournment in contemplation of dismissal (ACD) pursuant to CPL 170.56 on the marihuana charge and deferred the out-of-county warrant until after the arrest on *663 the new robbery charge. At this point, the defense attorney stated to the Judge, “Judge, for the record, with respect to the new arrest, I would ask that the defendant not be questioned without a lawyer being present. He is represented by counsel, namely myself. And if there is going to be a line-up”. The court: “I don’t know if you’re entitled to that.” Counsel: “I am requesting that, if I am.”*
The defendant was arrested and taken to the 84th Precinct where a lineup was conducted in which the defendant and five others were assembled. The defendant chose to be number 3 in the lineup and was seated in the middle of the five fillers. The detective then brought the complainant from a separate room to behind a two-way mirror and Mr. Mason identified the defendant as the person who committed the robbery. A photograph of the lineup was taken and offered in evidence.
With respect to the defense request that the lineup be suppressed as unduly suggestive, that aspect of the motion is denied. The facts do not reveal any improper conduct regarding the other members of the lineup, or any conduct by the police officer which would have improperly influenced the complaining witness’ choice of Mr. Frazier. The lineup was completely fair.
The more difficult issue is raised by the admitted failure of the detective to contact Mr. Frazier’s attorney and apprise him of the lineup. I find that the detective was not credible when he testified that he did not remember if an attorney appearing for Mr. Frazier requested that he be allowed to be present at the lineup. The arraignment transcript is clear that a request by Mr. Frazier’s 18-B attorney to be present was communicated in open court. Having found the detective lacking in veracity on this point, I also find his statement that Mr. Frazier never asked for an attorney incredible. The detective was unable to remember any detail of the arrest, even its location in the courthouse building. He was emphatic on only one point: that the defendant never asked for an attorney. I find this selective memory unbelievable and tailored to meet constitutional objections. On this critical factual issue, I find that an attorney asked to be present when Mr. Frazier was *664 lined up and Mr. Frazier, himself, asked for an attorney to be present at the lineup.
Accordingly, the issue before the court is whether failure of the police, under these circumstances, to inform Mr. Frazier’s attorney of the lineup violated the rule recently established in People v Coates (74 NY2d 244), and requires the suppression of the testimony regarding the lineup.
In People v Coates (supra), the Court of Appeals held that when the police are aware that a defendant is actually represented by an attorney and the defendant expressly requests that his attorney be present, the police may not proceed with the lineup without, at a minimum, apprising the defendant’s attorney of the situation and providing the attorney with an opportunity to appear. In Coates, the court noted that it continues to adhere to its prior interpretation that our State Constitution does not require that a criminal defendant be afforded counsel at lineups held prior to the commencement of formal adversarial proceedings, citing People v Hawkins (55 NY2d 474). However, the court again cautioned, as it did in People v Blake (35 NY2d 331), that if a suspect already is represented, he may not be denied access to his attorney.
The factors to be considered in balancing the need for prompt police action and the right of the defendant to have his attorney present are the need for quick verification of identity, cause for arrest and detention and the desirability of early or immediate release of those falsely accused. (People v Blake, supra, at 336-337.) Added to this balance is whether the delay would result in significant inconvenience to the witness or undermine the substantial advantage of a prompt identification. (People v Hawkins, supra, at 487.)
In the case at bar, the People failed to establish any inconvenience whatever to the witness. The lineup took place two weeks after the alleged robbery and, therefore, the need for prompt identification was not paramount.
The single fact that distinguishes the case at bar from Coates (supra) is the issue of whether the defendant was actually represented by counsel. The People argue that since the pending case in Kings County was adjourned in contemplation of dismissal, the defendant was not represented by an attorney in a pending matter. There is case law to the effect that for the purposes of representation an ACD is not an open, pending case. (People v Jordan, 143 AD2d 367, 368; People v Marquez, 141 Misc 2d 121; People v Gee, 104 AD2d 561.) The *665 Appellate Division in this Department has consistently declined to extend the Bartolomeo rule (People v Bartolomeo, 53 NY2d 225) by requiring police officers to obtain counsel for a defendant prior to interrogation when the defendant’s sole open matter has been ACD’d. Such a requirement would be too onerous because it is clear that once an ACD has been granted neither the attorney nor the defendant actually consider the attorney-client relationship to continue until the expiration of the six-month period. In fact, the dismissal is automatic unless the People can affirmatively persuade the court that dismissal is not in the interests of justice.
The People may be technically correct that Mr. Frazier did not have an open, pending case upon which he was represented at the time of the lineup procedure. However, the facts at bar differ substantially from those cases previously cited dealing with ACDs.
In the instant case, the attorney, on behalf of the defendant, affirmatively expressed his desire to appear for the defendant at the lineup despite the ACD. It is true that in the line of cases relied upon by the People courts have rejected any attempt by a defendant to suppress statements because of an alleged violation of an attorney-client relationship, when no such relationship exists because an ACD has previously been granted. However, in the case at bar, the direct request by the 18-B panel attorney to the police officer in open court to be present on behalf of his client at the lineup created an obligation upon the police officer to notify the attorney of the lineup and give him a reasonable opportunity to appear. The failure to do so must under Coates (supra) result in the suppression of the lineup. It is noted that this decision is consistent with an analogous situation under the Rogers rule which prohibits, in the absence of counsel, the questioning of a defendant in a custodial setting when an attorney has entered the proceedings. (People v Rogers, 48 NY2d 167.) The People may circumvent the Rogers rule by dismissing a pending charge or waiting until a pending matter is resolved before arresting a defendant on a new charge. In such an instance, the defendant is no longer actually represented and may be questioned in the absence of his counsel. (People v Robles, 72 NY2d 689.) However, even where a prior charge is no longer pending, if an attorney affirmatively requests that his client not be interrogated outside his presence, such a request must be respected. (People v Donovan, 13 NY2d 148; People v Arthur, 22 NY2d 325; People v Hetherington, 27 NY2d 242.)
*666 Accordingly, the motion to suppress the lineup is granted. However, the court grants the People an opportunity on papers to request a further hearing to establish an independent source for the out-of-court identification. There was sufficient testimony at the hearing to raise the issue, although not previously explored, that the defendant and the complainant are known to one another. Accordingly, should the People wish to pursue this issue at a continued hearing they shall so move, on notice to the defendant, before me in Bench Trial Part 7 within 10 days of this date.

 The court obtained the transcript of the arraignment proceeding despite the failure of defense counsel to offer it or present the assigned 18-B attorney as a witness. The transcript is hereby made a part of this record. It is also noted that this colloquy took place before the Court of Appeals rendered its decision in People v Coates (74 NY2d 244).