■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN LACLERE, Also Known as JOHNNY LACLERE, Also Known as JUAN ORTEGA, Appellant.—Judgment of the Supreme Court, Bronx County (Frank Diaz, J., at hearing, trial and sentence), rendered August 17, 1987, convicting defendant of attempted murder in the second degree, and sentencing him to a term of imprisonment of 5 to 15 years, is affirmed.

"There is no Federal or State constitutional right to counsel for an accused at a preindictment lineup" *(People v Hernandez,* 70 NY2d 833, 835; *People v Hawkins,* 55 NY2d 474, *cert denied* 459 US 846). While it is true that if a defendant has actually engaged counsel prior to the lineup that attorney may not be deliberately excluded, no such exclusion occurred here. We read *People v Coates* (74 NY2d 244) and the extract quoted by the dissent *(supra,* at 249) to hold that in order to trigger the right to the presence of defense counsel at the lineup, it must appear that "the defendant explicitly requests the assistance of his attorney". Nothing of that kind appears in the record here. Furthermore there is no showing that the arresting officers, acting at the direction and in the absence of the investigating detective, had any knowledge that a lineup was imminent. Under these circumstances the right to counsel did not attach, and there is no basis for suppression of the identification which occurred thereat.

Similarly unavailing are defendant's arguments that the prosecutor elicited irrelevant evidence linking the appellant to illegal drug sales, and that during summation, the Trial Assistant implied that the appellant posed a threat to the life

of a key prosecution witness. The statement, made during redirect examination of the complainant, which allegedly implied a link between this defendant and the drug-dealing activities of the victim's roommate, was tenuous at best. Moreover, any indication that a link existed was cured by the court's immediate striking of the short statement and its instruction to the jurors that they should disregard any comment made upon the matter. As to objections now raised to the prosecutor's statements in closing argument, they were unpreserved for review as a matter of law (CPL 470.05), as well as lacking in merit.

Lastly, the introduction of the photographs of the crime scene depicting the presence of blood on the sidewalk did not constitute reversible error. The photographs can hardly be considered inflammatory, but even if their receipt in evidence could be viewed as error, it must be deemed harmless in view of the overwhelming evidence against defendant. *(People v Cartledge,* 147 AD2d 917 [4th Dept 1989].)

We have reviewed the remainder of the defendant's arguments both as submitted by counsel and in his *pro se* brief and find them to be without merit. Concur—Sullivan, J. P., Carro, Wallach and Rubin, JJ.

Smith, J., dissents in a memorandum as follows: This conviction should be reversed and a new trial ordered because the police were told by a Judge prior to the lineup that the defendant had counsel. Accordingly, the attorney could not be excluded from the lineup proceedings.

In *People v Blake* (35 NY2d 331, 340-341), where the Court of Appeals affirmed a conviction for criminal possession of stolen property in the first degree and unauthorized use of a vehicle and held that counsel was not necessary at a lineup held before the filing of an accusatory instrument, the court stated, "Where the accused has counsel known to the law enforcement authorities or there is insufficiently explained delay which prevents him from obtaining counsel as he would on arraignment, and he has not waived the right to counsel, the circumstances may establish his right to counsel at the viewing, the breach of which should result in exclusion."

In *People v Hawkins* (55 NY2d 474, 487 [1982]), where the Court of Appeals upheld convictions in four separate cases and held that the State Constitution did not mandate counsel at an investigatory lineup, the court stated, "Although we conclude that the State has no obligation to supply counsel at investigatory lineups, we have previously noted that if a

suspect already has counsel, his attorney may not be excluded from the lineup proceedings".

In *People v Coates* (74 NY2d 244, 249 [1989]), where the Court of Appeals reversed a conviction and held that counsel had been improperly excluded from a lineup, the Court of Appeals stated, "Though law enforcement authorities ordinarily are not required to notify counsel of an impending investigatory lineup absent a specific request to do so, when the police are aware that a criminal defendant is represented by counsel and the defendant explicitly requests the assistance of his attorney, the police may not proceed with the lineup without at least apprising the defendant's lawyer of the situation and affording him or her an opportunity to appear."

The foregoing cases all require that the conviction here be reversed, the lineup identification suppressed, a hearing held on independent source and a new trial held. Briefly stated, the defendant was brought to court on an unrelated charge. His attorney on that unrelated charge was told that the defendant would be arrested on the charges for which he was convicted here. His attorney on the unrelated charge asked the Judge presiding to instruct the officers "that [appellant] had counsel and to take no statements from him." The Judge did so. Once the officers were informed that the defendant had counsel, they could not proceed with the lineup without at least notifying the attorney that it would be held.