OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, without costs.
 

 Following an allocution in which he admitted his participation, respondent was adjudicated a juvenile delinquent on the basis of acts which, if committed by an adult, would constitute the crime of fourth degree grand larceny (Penal Law § 155.30). On this appeal from the Appellate Division order affirming the dispositional order of the Family Court, respondent con
 
 *895
 
 tends that the courts below erred in refusing to suppress evidence of a pretrial identification procedure that was conducted in the absence of his attorney. We reject respondent’s argument.
 

 The July 1, 1987 identification procedure in question was initiated by an investigating officer, who learned that respondent, already a suspect, was expected to appear in court that day on an unrelated charge. Acting on this information, the officer brought the complaining witness to the courthouse’s "crowded” third-floor waiting room and asked him whether his alleged assailant was among the individuals present. The complainant picked respondent from the assortment of people who were in the waiting room at the time.
 

 Although it is undisputed that the officer knew or should have known that respondent was represented on the unrelated charge and that his attorney was probably in the courthouse at the time, the officer had no obligation to seek out the attorney or offer the attorney an opportunity to be present during the identification procedure. Since the investigation of respondent’s involvement in the crime had not yet ripened into the commencement of formal proceedings, respondent had no constitutional right to the presence of counsel
 
 (see, People v Hawkins,
 
 55 NY2d 474). Moreover, since respondent was not in custody at the time the procedure was conducted, it is immaterial that respondent’s attorney might have been contacted and offered an opportunity to attend without occasioning any unreasonable delay, significant inconvenience to the identifying witness or disadvantage to law enforcement efforts
 
 (cf., People v Coates,
 
 74 NY2d 244;
 
 People v Hawkins, supra,
 
 at 487).
 

 Inasmuch as respondent has not argued before our court that the waiting room identification procedure was unduly suggestive, we do not consider whether the procedure could properly be deemed "confirmatory” in nature and therefore not subject to suppression on grounds of suggestiveness
 
 (see, People v Gissendanner,
 
 48 NY2d 543, 551-553;
 
 cf., People v Wharton,
 
 74 NY2d 921).
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Order affirmed, without costs, in a memorandum.