OPINION OF THE COURT
Bellacosa, J.
Defendant was identified at an investigatory lineup conducted in the absence of his counsel, and he was eventually convicted of attempted murder after a jury trial at which lineup identification evidence was admitted. He had been arrested following a court appearance with counsel on an unrelated matter. The attorney promptly asked the presiding Judge to advise the arresting officers that he also represented *672 defendant on the matter for which he was then being arrested, and that the police should not take any statements from his client unless counsel was present. The Judge complied. The police then removed defendant to a precinct where the lineup at issue was conducted later that day. Counsel was not notified about the lineup.
The initial court in this case denied the motion to suppress, concluding that the police were not obliged to inform defense counsel of the investigatory lineup (citing People v Hawkins, 55 NY2d 474, cert denied 459 US 846), and therefore that defendant’s right to counsel in that respect was not violated. Adverting to our decisions in People v Coates (74 NY2d 244), People v Hawkins (supra), and People v Blake (35 NY2d 331), the Appellate Division afiirmed the conviction. The dissenting Justice in that court, who granted leave to appeal to our Court, urged that the police should not have proceeded with the lineup without notifying defense counsel inasmuch as the arresting officers were informed in court by the Judge that defendant was represented on the instant charge.
We now reverse and suppress the lineup evidence because counsel’s announced entry into the case and explicit solicitation of formal judicial admonitory relief attached the defendant’s right to counsel. In conducting the lineup in these circumstances, without some notice or other legally recognized excusal of counsel’s presence, the police took the risk that the adduced evidence would not be allowed.
In reversing, we emphasize that we do not alter the key lines of authority defining the right to counsel at this important phase of criminal investigation (see, e.g., Matter of Jamal C., 75 NY2d 893, 895; People v Coates, 74 NY2d 244, 249, supra; People v Hernandez, 70 NY2d 833, 835; People v Hawkins, 55 NY2d 474, 485, supra; People v Coleman, 43 NY2d 222). The right to counsel for lineup purposes generally does not attach prior to the commencement of formal proceedings, though other significant judicial activity may implicate its protective cloak (see, People v Coleman, supra, at 225; People v Coates, supra; and People v Hawkins, supra). Our holdings are clear and consistent that suspected individuals are not entitled to counsel at preaccusatory, investigatory lineups (see, e.g., Matter of Jamal C., supra, at 895; People v Coates, supra, at 249; People v Hawkins, supra, at 487; People v Blake, 35 NY2d 331, 339-340, supra). Once activated, however, the right incorporates a requirement that defense counsel be notified of *673 an impending investigatory lineup, if possible, and that counsel be afforded a reasonable opportunity to attend (see, People v Coates, supra). The right is not absolute or abstract. It may be overridden if exigent circumstances necessitate that the identification procedure be conducted without counsel’s presence because, unlike the role of counsel during custodial interrogations (see, People v Hobson, 39 NY2d 479, 481), "counsel plays a much more limited role at identification confrontations” (People v Hawkins, 55 NY2d 74, 485, 487, supra; see also, People v Coleman, 43 NY2d 222, 226, supra).
At specific issue, then, is whether People v Coates (74 NY2d 244, supra) established a sine qua non requirement that the defendant verbalize the desire for the attorney’s presence at a lineup. Recast as a question framed around the salient circumstances of this case, must such a manifestation occur even when counsel has entered the case, has sought judicial protective relief, and has secured from the court an alert to the arresting officers that the defendant is represented on the charge for which the imminent lineup is to be conducted ex parte? Our answer is in the negative because such an evidentiary acquisition should not be countenanced in these circumstances.
The People’s argument that under Coates the defendant had to personally utter a request for his counsel’s presence at the lineup is too restrictive and mechanistic and conflicts with governing underlying principles. The formal point of counsel’s entry into the case, the representational activity, and the solicitation of judicial intervention are equal to, if not greater than, the defendant’s personal request in Coates, which sprung and attached the entitlement to counsel at the investigatory lineup.
People v Coates (74 NY2d 244, supra) did not decide that notification and opportunity to attend are required only when a defendant specifically asks for counsel from another unrelated matter to appear also at a lineup related to new charges. Even such a request, standing alone, is insufficient to trigger an official obligation to notify defense counsel of the opportunity to be present at a lineup when no counsel has been otherwise engaged or appointed (see, People v Johnson and People v Laffosse, 55 NY2d 474, 484-485). Rather, we rejected the evidence from the Coates lineup because, in addition to that defendant’s request for counsel, the police were aware of the critical feature: defendant’s representation by counsel, *674 though on an unrelated charge. The request by defendant in Coates for his counsel was viewed as reflecting a strong likelihood that the attorney on the unrelated charge would enter on the new charge for which the lineup was to be conducted (see also, People v Thomas, 76 NY2d 902).
The instant case is a fortiori from Coates because here the police were informed by the court, at defense counsel’s express request, that the attorney represented defendant on the new charge. As we stated in People v Blake: "When an accused, at any stage, before or after arraignment, to the knowledge of the law enforcement agencies, already has counsel, his right or access to counsel may not be denied” (35 NY2d 331, 338, supra). The right to counsel’s presence at an investigatory lineup, such as it is, certainly was compromised and denied. Prompt notification to counsel by someone in the police chain of command, with actual or imputed knowledge, would have been a feasible and reasonable accommodation and satisfaction of defendant’s right in this regard. The announcement to the Judge that the lawyer represented the defendant in this case and that he wanted the police to be informed of it by the court itself suffices for purposes of deciding this case under the governing principles and precedents. Defense counsel surely should not be held to an additional recitation of a precious litany of utterances.
We conclude by noting that we are applying the fundamental principle that "if a suspect already has counsel, his attorney may not be excluded from the lineup proceedings” (see, People v Hawkins, 55 NY2d 474, 487, supra). Here, the police should surely not be excused from notifying counsel because delay in conducting the investigatory lineup would not have significantly inconvenienced the witnesses or undermined the substantial advantages of a prompt identification confrontation (see, id.). The lineup at issue was conducted several hours after the arrest on the same day the authorities were notified by a Judge that defendant was represented on the charge for which the lineup was conducted — some five months after the crime was committed.
Accordingly, the Appellate Division order should be reversed, defendant’s motion to suppress the lineup identification granted, and a new trial ordered.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order reversed, etc.