■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK G. JAMES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered November 17, 1983, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that the conduct of a lineup violated his right to counsel is without merit. Absent a specific request to do so, law enforcement authorities ordinarily are not required to notify counsel of an impending investigatory lineup (*People v Coates,* 74 NY2d 244; *People v Hawkins,* 55 NY2d 474, *cert denied* 459 US 846; *People v Blake,* 35 NY2d 331). Although the police were aware that the defendant was represented by counsel on an unrelated matter, no request was made by the defendant or his parents that counsel be notified of the impending lineup (*cf., People v LaClere,* 76 NY2d 670). Nor did counsel on the unrelated matter request notification in the event the defendant was placed in a lineup (*cf., People v LaClere, supra*). Accordingly, we find that the hearing court properly declined to suppress the identification testimony.

The defendant's remaining contentions are either unpreserved for appellate review (*see,* CPL 470.05 [2]) or without merit. Sullivan, J. P., Lawrence, Rosenblatt and O'Brien, JJ., concur.