■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY HAMLET, Appellant.—Appeals by the defendant from two judgments of the Supreme Court, Queens County (Naro, J.), both rendered September 5, 1989, convicting him of grand larceny in the fourth degree (two counts; one as to each indictment), upon his pleas of guilty, and imposing sentences. The appeals bring up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgments are affirmed.

Although the defendant testified that he told the arresting officer that he had an attorney and wanted her to be present at a lineup, the hearing court did not believe that he had made such a request and accepted the contrary testimony of the officer, a determination of credibility we find no reason to disturb on this appeal (see, Kirby v Illinois, 406 US 682; People v Coates, 74 NY2d 244; People v Prochilo, 41 NY2d 759; People v Carter, 166 AD2d 540). Moreover, the defendant's sentence was not excessive. Bracken, J. P., O'Brien, Ritter and Copertino, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARNOLD HARRIS, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered December 9, 1988, convicting him of manslaughter in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The decedent's statement to police officers that the defendant shot him was admissible as a dying declaration, since at the time the statement was made the decedent was in extremis and under a sense of impending death without any hope of recovery (see, People v Liccione, 63 AD2d 305, affd 50 NY2d 850).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). Thompson, J. P., Bracken, Ritter and Copertino, JJ., concur.