■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN HOUSTON, Also Known as STEPHAN HOUSTON, Also Known as STEFAN HOUSTON, Appellant. [631 NYS2d 930] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered June 10, 1993, convicting him of attempted murder in the second degree, robbery in the first degree (two counts), robbery in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was represented by counsel in an unrelated matter at the time that he was taken into custody and placed in a lineup. When a suspect is not represented by counsel in a particular matter, "the State has no obligation to supply counsel at investigatory lineups" *(People v Coates,* 74 NY2d 244, 248). Even an explicit request for counsel at such a lineup "is insufficient to trigger an official obligation to notify defense

counsel of the opportunity to be present at a lineup when no counsel has been otherwise engaged or appointed" *(People v LaClere,* 76 NY2d 670, 673; *see, People v Hawkins,* 55 NY2d 474, 487, *cert denied* 459 US 846). The defendant did not retain his counsel from the unrelated matter to represent him in the instant matter. In any event, he did not explicitly request the presence of counsel at the lineup identification. Accordingly, the trial court correctly refused to suppress the lineup identification testimony *(see, People v Coates, supra; People v Brooks,* 184 AD2d 518).

The trial court did not improvidently exercise its discretion when it precluded the defendant from presenting an alibi witness who was not timely and properly noticed under CPL 250.20, and the defendant did not proffer a sufficient reason for the delay *(see, People v Caputo,* 175 AD2d 290; *People v Smith,* 208 AD2d 965; *People v Toro,* 198 AD2d 532; *People v Peralta,* 127 AD2d 803). Bracken, J. P., Sullivan, Friedmann and Krausman, JJ., concur.