■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNIE LANE, Appellant. [647 NYS2d 884] —Judgment unani-

mously affirmed. Memorandum: Supreme Court properly denied the motion to suppress the showup identification of defendant. The police had reasonable suspicion to warrant the stop of defendant and his companion less than a quarter of a mile from the robbery scene and less than 10 minutes after the crime (*see, People v Martinez*, 80 NY2d 444; *People v Hicks*, 68 NY2d 234) and to transport them to the scene for a showup identification (*see, People v Duuvon*, 77 NY2d 541, 543-544; *People v Brnja*, 50 NY2d 366; *People v Hendrick*, 192 AD2d 1100, *lv denied* 82 NY2d 755). Further, the record supports the court's conclusion that the showup identification of defendant was neither unduly suggestive nor tainted by a prior showup identification of his codefendant that the court had found to be suggestive.

Defendant further contends that the court should have suppressed a lineup identification by the robbery victim because defendant was denied the right to counsel. The lineup was conducted pursuant to a court order issued in connection with an unrelated homicide charge, and the attorney representing defendant on the homicide charge was present for the lineup. Defendant contends for the first time on appeal, however, that the attorney who represented him on the robbery charge should have been present at the lineup because, when the robbery complaint was dismissed in City Court, that attorney had asked the prosecution to notify him of any future Grand Jury proceeding. That attorney's request does not constitute the requisite solicitation of judicial intervention sufficient to entitle defendant to the presence of that attorney at the lineup (*cf., People v LaClere*, 76 NY2d 670, 673-674). Defendant also contends for the first time on appeal that the police had notice of the appearance of counsel at the City Court proceedings. He does not, however, contend that he requested the attorney's presence at the lineup or that the police were aware that he continued to be represented on the robbery charge after it was dismissed (*see, People v LaClere, supra*, at 673-674; *People v James*, 178 AD2d 610, 611). In any event, while this issue may be raised for the first time on appeal, the "factual record [is insufficient] to permit appellate review" (*People v Kinchen*, 60 NY2d 772, 774). Lastly, we reject the contention that the sentence is unduly harsh or severe. (Appeal from Judgment of Supreme Court, Erie County, Doyle, J.—Robbery, 2nd Degree.) Present—Denman, P. J., Lawton, Wesley, Callahan and Balio, JJ.