*756
 
 OPINION OF THE COURT
 

 Wesley, J.
 

 In this case we are called upon once again to examine the interrelationship of an investigatory lineup and a suspect’s right to counsel. We hold that, under the facts of this case, an attorney-client relationship was established and the investigatory lineup, therefore, could not be conducted without counsel present absent exigent circumstances.
 

 At approximately 8:00 p.m. on June 24, 1990 defendant Eric Wilson and three other individuals were arrested after their vehicle was involved in an accident with a police car in Brooklyn. They were arraigned on June 26, 1990 in Brooklyn on charges of criminal possession of a stolen vehicle and criminal possession of a weapon. The weapon, a sawed-off rifle, was identified as having been the same weapon used to kill Arkady Novikov in Queens County in the early morning hours of June 24, 1990. On June 28, 1990, an eyewitness to the shooting picked defendant’s photograph from a photo array and indicated that defendant had been involved in the shooting.
 

 On June 29, 1990, defendant appeared in Brooklyn Criminal Court for a preliminary hearing on the Brooklyn charges. Defendant was represented by Norman Berle, an attorney from the Brooklyn Criminal Defense Division of the Legal Aid Society. After the case was called, Berle became aware that several Queens detectives were in the courtroom and were interested in his client. Berle approached the detectives and informed them that he represented defendant and that defendant was not to be questioned or put in a lineup in Berle’s absence.
 

 That afternoon, Berle was informed that defendant’s case was going to be recalled and dismissed. Berle then visited defendant in a holding cell; defendant informed Berle that he wanted Berle to continue to be his lawyer "no matter what” and that he did not wish to speak to the detectives or to participate in a lineup without Berle being present. When the case
 
 *757
 
 was recalled, defendant was not produced. In defendant’s absence, Berle informed the court and the Queens detectives that he did not want defendant to be questioned about the Queens case, or to be put into a lineup, unless he was present. On the People’s motion, the Brooklyn charges were dismissed against defendant. When the Queens detectives came to take defendant into custody later that day, Berle again repeated his admonitions to them.
 

 At the precinct in Queens, at approximately 7:30 p.m. that same day, defendant was advised of his
 
 Miranda
 
 rights and waived them. He was asked about the Queens homicide and denied any knowledge of it, offering an alibi. According to Detective Salzmann, defendant was asked by the detective whether he wanted an attorney to be present during a lineup, and defendant responded that he had none. At approximately 10:35 p.m., a lineup was conducted, and the eyewitness identified defendant as the man who had shot Novikov. The record reflects no effort by the police to contact attorney Berle, nor do the People claim any.
 

 At the suppression hearing, the prosecutor stated that the People would not use defendant’s statements in their direct case. Supreme Court, Queens County, denied defendant’s motion to suppress the lineup identification because it concluded that the identification was not obtained in violation of defendant’s right to counsel. The court held that Berle was no longer defendant’s attorney at the time of the lineup because the dismissal of the Brooklyn case had terminated the attorney-client relationship. The court relied upon our holding in
 
 People v Robles
 
 (72 NY2d 689); however, it made no finding that the Brooklyn charges were unrelated to the Queens charges
 
 (cf., People v Robles, supra,
 
 at 697-698). The court further found that defendant’s right to counsel with regard to the Queens lineup procedure had never independently attached. The court noted that, pursuant to a well-established line of this Court’s cases
 
 (People v Coates,
 
 74 NY2d 244;
 
 People v Hawkins,
 
 55 NY2d 474; and
 
 People v Blake,
 
 35 NY2d 331), defendant had no right to counsel at the investigatory lineup unless he had actually had an attorney. Following a jury trial, defendant was convicted of murder in the second degree and various robbery and weapons charges arising out of the incident in Queens.
 

 The Appellate Division reversed the conviction, granted defendant’s motion to suppress the lineup identification, and ordered a new trial, before which the People would be entitled to a hearing to attempt to establish an independent source for
 
 *758
 
 the in-court identification testimony of the eyewitness (219 AD2d 164). Two of the Justices held that the dismissal of the Brooklyn charges had no impact on the relationship between Berle and defendant in light of defendant’s requests that Berle continue to represent him on the Queens matter. The Justices also held that the Brooklyn charges and the Queens charges were merely different aspects of the same case. A third Justice concurred with the result, writing separately to focus on the police action in securing a waiver/renunciation of defendant’s previously invoked right to counsel; Two Justices dissented, on the grounds that defendant’s right to counsel had not indelibly attached "upon the unilateral pronouncement of continued representation made by the defendant’s assigned representative in the context of an unrelated and dismissed matter” (219 AD2d, at 170); that defendant did not invoke his right to counsel at the lineup; and that the involvement of the same weapon did not create a relationship between the Brooklyn and Queens charges for the purposes of a right to counsel analysis. The appeal comes to us pursuant to permission granted by a Justice of the Appellate Division; we affirm the order granting a new trial.
 

 A defendant has no right to counsel under the Sixth and Fourteenth Amendments to the United States Constitution at a lineup that occurs prior to the initiation of formal prosecutorial proceedings
 
 (Kirby v Illinois,
 
 406 US 682, 688-689;
 
 People v Hawkins,
 
 55 NY2d 474, 482). The Fifth Amendment protection against self-incrimination is also not implicated at a preindictment lineup
 
 (People v Hawkins, supra,
 
 at 482-483). Similarly, there is generally no independent basis in the State Constitution for requiring counsel at investigatory lineups, although a right to counsel does arise after the initiation of formal prosecutorial proceedings
 
 (People v Hawkins, supra,
 
 at 487). At the time of the lineup, a felony complaint had not been filed in Queens County and there had been no other significant judicial activity sufficient to trigger the right to counsel
 
 (see, People v Samuels,
 
 49 NY2d 218, 221).
 

 Nevertheless, "if a suspect already has counsel, his attorney may not be excluded from the lineup proceedings”
 
 (People v Hawkins, supra,
 
 at 487). Berle’s uncontradicted testimony supports the determination of the Appellate Division that defendant had asked Berle to represent him in the Queens matter, and that the Queens detectives were made aware of the attorney-client relationship when Berle announced it in the Brooklyn courtroom
 
 (see, People v LaClere,
 
 76 NY2d 670).
 
 *759
 
 Furthermore, we agree with the Appellate Division that once defendant actually was represented by counsel, the alleged waiver of his right to counsel without his attorney present was ineffective
 
 (see, People v Settles,
 
 46 NY2d 154).
 

 In
 
 LaClere,
 
 the defendant had been arrested following a court appearance with counsel on an unrelated matter. The attorney asked the presiding Judge to advise the arresting officers that he also represented the defendant on the matter for which the defendant was then being arrested, and that the police should not take any statements from his client in his absence. The Judge gave the requested admonition, but the police conducted a lineup later the same day without notifying counsel. We noted that, after
 
 People v Coates
 
 (74 NY2d 244), counsel’s representation of the defendant on the prior unrelated matter would not have entitled the defendant to counsel at an investigatory lineup unless the defendant had specifically asked for counsel
 
 (People v LaClere, supra,
 
 at 673-674). We held, however, that the announcement to the Judge that counsel represented the defendant in the new case and that counsel wanted the police to be informed of it by the court sufficed to create the requirement that counsel be notified and given the opportunity to attend the lineup
 
 (People v LaClere, supra,
 
 at 674). Here, the police and trial court were simultaneously informed in open court at a key official stage of the Brooklyn proceeding.
 

 Although the attorney in
 
 LaClere
 
 sought and obtained a judicial admonition that he represented the defendant and that the police should not take any statements from his client, we do not believe that the absence of such a judicial admonition in this case requires a result contrary to
 
 LaClere.
 
 Here, counsel unequivocally informed the Queens detectives three separate times (once before the court) that he would represent defendant in the Queens matter and that no statements should be taken or lineups conducted in his absence. "In conducting the lineup in these circumstances, without some notice or other legally recognized excusal of counsel’s presence, the police took the risk that the adduced evidence would not be allowed”
 
 (People v LaClere, supra,
 
 at 672).
 

 As we noted in
 
 LaClere (supra,
 
 at 673) the right to counsel at an investigatory lineup is not absolute or abstract, and may be overriden if exigent circumstances necessitate that the procedure be conducted without counsel’s presence. In this case, the People claimed no exigent circumstances to merit conducting the lineup in counsel’s absence.
 

 
 *760
 
 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed.