■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JABBAR COLLINS, Appellant. [688 NYS2d 175] —Appeal by the defendant (1) from a judgment of the Supreme Court, Kings

County (Egitto, J.), rendered April 3, 1995, convicting him of murder in the second degree (two counts), attempted murder in the second degree, robbery in the first degree, assault in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, under Indictment No. 2884/94, and imposing sentence, (2) from an amended judgment, of the same court, also rendered April 3, 1995, revoking a sentence of probation previously imposed by the same court (Cirigliano, J.), upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of attempted robbery in the third degree, under Indictment No. 8907/90, and (3), by permission, from an order of the same court (Lipp, J.), dated June 16, 1997, which denied his motion pursuant to CPL article 440 to vacate the judgment of conviction under Indictment No. 2884/94. The appeal under Indictment No. 2884/94 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment, the amended judgment, and the order are affirmed.

Generally, a defendant has no right to counsel at a lineup which occurs prior to the initiation of formal prosecutorial proceedings (*see, Kirby v Illinois,* 406 US 682, 688-689; *People v Hawkins,* 55 NY2d 474, 482, *cert denied* 459 US 846). Nevertheless, " 'if a suspect already has counsel, his attorney may not be excluded from the lineup proceedings' " (*People v LaClere,* 76 NY2d 670, 674, quoting *People v Hawkins, supra,* at 487; *see also, People v Wilson,* 89 NY2d 754). Here the record indicates that the police notified defense counsel of the impending lineup and that counsel declined to attend. Under these circumstances, the defendant was not denied his right to counsel (*see, People v Pena,* 242 AD2d 546, 547; *People v Shepherd,* 176 AD2d 369).

The defendant's contention that the People failed to prove his identity as the perpetrator is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Udzinski,* 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination

should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's sentences were not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. S. Miller, J. P., Santucci, Friedmann and Florio, JJ., concur.