■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE BRYANT, Appellant. [765 NYS2d 276] —Appeals by the defendant (1) from a judgment of the Supreme Court, Queens County (McGann, J.), rendered July 15, 1996, convicting him of murder in the second degree, attempted murder in the second degree (two counts) and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court dated June 9, 2000, which, without a hearing, denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment and order are affirmed.

The defendant was involved in a shooting in Queens on October 30, 1993, during which an innocent bystander was killed. He was arrested in Syracuse on June 3, 1994, on unrelated charges, was released on his own recognizance, and then immediately arrested by New York City detectives for the Queens County murder. Counsel for the defendant in the Syra-

cuse matter informed the court that he had spoken with the police officers from Queens County, and that they agreed that the defendant "[would] not be questioned in any capacity" about the Queens matter and that his representation of the defendant "for Fifth Amendment purposes [would] continue * * * through the assignment or appearance of new counsel in Queens [County]." Two eyewitnesses to the shooting identified the defendant in a lineup conducted in Queens County, in the absence of counsel, on June 7, 1994.

In his motion to vacate the judgment of conviction pursuant to CPL 440.10, the defendant argued, inter alia, that his right to counsel was violated at the lineup because his attorney was not present. According to the defendant, the attorney who had been representing him in the unrelated Syracuse matter was also representing him in this case until such time as new counsel could be appointed, and he had requested counsel before the lineup. The Supreme Court denied the motion, without a hearing, finding that the issue of the lineup did not arise during the Syracuse proceedings, and, therefore, no right to counsel for an investigatory lineup attached.

Even if, as the defendant alleges, the statements by the defense counsel in the unrelated Syracuse proceedings were sufficient to trigger the defendant's right to counsel at the lineup (see generally People v LaClere, 76 NY2d 670, 674 [1990]), or that the defendant requested the presence of his attorney at the lineup, under the circumstances of this case, any error was harmless beyond a reasonable doubt in light of the overwhelming evidence of the defendant's guilt (see People v Crimmins, 36 NY2d 230, 241 [1975]; People v Cross, 216 AD2d 407 [1995]).

The defendant's remaining contentions are without merit. Florio, J.P., Feuerstein, Crane and Rivera, JJ., concur.