People v Johnson (2018 NY Slip Op 07147)





People v Johnson


2018 NY Slip Op 07147


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
HECTOR D. LASALLE
BETSY BARROS, JJ.


2015-03207
 (Ind. No. 788/12)

[*1]The People of the State of New York, respondent,
v
Craig Johnson, appellant.


Paul Skip Laisure, New York, NY (Ronald Zapata of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Thomas M. Ross of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dineen Ann Riviezzo, J.), rendered March 13, 2015, convicting him of robbery in the first degree (four counts) and robbery in the second degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Albert Tomei, J.), of that branch of the defendant's omnibus motion which was to suppress identification evidence.
ORDERED that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress identification testimony regarding lineup identifications is granted, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
The defendant was convicted of charges related to two robberies in Brooklyn, one committed on January 13, 2012, by one man at a grocery store, and the other committed on January 17, 2012, by two men at an apparel store. The two victims of the grocery store robbery identified the defendant in a police lineup, and one of the victims also identified the defendant in a photographic array. The defendant's identity as one of the perpetrators of the apparel store robbery was established by other evidence.
At trial, the defendant made only a general objection to the sufficiency of the evidence. Therefore, he did not preserve for appellate review his contention that the People failed to adduce legally sufficient evidence to prove his guilt beyond a reasonable doubt (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Next, although improper evidence was introduced before the grand jury, introduction of that evidence was merely an evidentiary error and not part of any "nefarious design to deliberately cause unfairness to defendant" (People v Wisdom, 23 NY3d 970, 973; cf. People v Huston, 88 NY2d [*2]400, 406-408). Contrary to the defendant's contention, the evidentiary impropriety did not render the grand jury proceedings in violation of CPL article 195 to such a degree that the integrity of the proceedings was impaired and that prejudice to the defendant may have resulted (see CPL 210.35[5]; People v Wisdom, 23 NY3d at 972-973; People v Kappen, 142 AD3d 1106, 1106; People v Simon, 101 AD3d 908, 909).
The defendant contends that the photographic and lineup identification procedures related to the robbery of the grocery store were unduly suggestive. To the extent that this contention is based on the apparent age of most of the fillers in the lineup, it is not preserved for appellate review because the defendant did not raise that contention before the hearing court (see CPL 470.05[2]; People v Mullings, 88 AD3d 745, 745; People v McFadden, 36 AD3d 631, 631). In any event, the defendant's contentions regarding the composition of the photographic array and the lineup are without merit. The composition of the defendant's photograph in the photographic array was not so dissimilar to the other photographs as to "create a substantial likelihood that the defendant would be singled out for identification" (People v Chipp, 75 NY2d 327, 336; see People v Staton, 138 AD3d 1149, 1150; People v Cherry, 150 AD2d 475, 476; cf. People v Smith, 122 AD3d 1162, 1163-1164). A review of the photographs of the lineup reveals that the lineup participants possessed physical characteristics that were reasonably similar to those of the defendant, and that the police took reasonable steps to conceal any differences between the appearances of the lineup participants and the defendant (see People v Chipp, 75 NY2d at 336; People v Chavez, 135 AD3d 952, 952; People v Jean-Baptiste, 57 AD3d 566, 567).
The detective who conducted the lineup violated the defendant's right to counsel by failing to notify counsel of the lineup and afford counsel a reasonable opportunity to attend. As a general rule, a defendant does not have the right to counsel at a preaccusatory, investigatory lineup (see People v LaClere, 76 NY2d 670, 672; People v Coates, 74 NY2d 244, 249). There are two exceptions. The first is when a defendant is actually represented by an attorney in the matter under investigation. That occurs when the defendant is, in fact, represented in the matter, and the police know, or can be charged with knowledge of that representation (see People v Bongarzone-Suarrcy, 6 NY3d 787, 789; see also People v Carranza, 3 NY3d 729, 729-730). The second is when a defendant who is already in custody and represented by an attorney in an unrelated case invokes the right by requesting his or her attorney. In either case, "[o]nce the right to counsel has been triggered, the police may not proceed with the lineup without at least apprising the defendant's lawyer of the situation and affording the lawyer a reasonable opportunity to appear. A specific request that the lineup not proceed until counsel is so notified need not be made" (People v Mitchell, 2 NY3d 272, 274-275; see People v Sharp, 36 Misc 3d 381, 383-384 [Sup Ct, Bronx County]).
Here, the detective who conducted the lineup testified at the suppression hearing that he was aware prior to conducting the lineup that the defendant was represented by an attorney. Moreover, the only reasonable inference from the detective's testimony was that he was aware that the attorney represented the defendant with respect to the case under investigation. Nonetheless, the detective did not notify the attorney of the lineup, which took place at least two hours after the detective became aware that the defendant was represented in this case. Additionally, the record does not establish the existence of exigent circumstances or that notifying the defendant's counsel of the impending lineup would have caused unreasonable delay (see People v Wilson, 89 NY2d 754, 759; People v LaClere, 76 NY2d at 673; People v Coates, 74 NY2d at 249). Accordingly, the identification evidence resulting from the lineup conducted in violation of the defendant's right to counsel should have been suppressed (see People v Robles, 17 AD3d 136, 136). Since the evidence of the defendant's identity as the perpetrator of the grocery store robbery was not overwhelming, we have no occasion to determine the likelihood of whether admission of the lineup identifications affected the verdict (see People v Crimmins, 36 NY2d 230, 241). Thus, reversal of the convictions related to the robbery of the grocery store is required. Before any new trial related to those charges is conducted, the Supreme Court must conduct a hearing, unless waived by the defendant, to determine whether in-court identifications by the complainants in that robbery have a source independent of the lineup that took place in violation of the defendant's right to counsel (see People v Coates, 74 NY2d at 250; People v Garnes, 127 AD3d 1104, 1106).
In determining whether reversal of the convictions related to the apparel store robbery is required because of the spillover effect from the improper lineup conducted in connection with the grocery store robbery, the paramount consideration is whether there is a reasonable possibility that the jury's decision to convict on the tainted counts influenced its verdict of guilt on the remaining counts in a meaningful way (see People v Doshi, 93 NY2d 499, 505; People v Baghai-Kermani, 84 NY2d 525, 532-533). Here, we cannot conclude from the evidence presented that there was no such reasonable possibility. Accordingly, reversal of the convictions related to the apparel store robbery is required, and we remit the matter to the Supreme Court, Kings County, for a new trial as to those charges as well.
In light of our determination that a new trial is required, we need not address the defendant's contentions regarding the sentence imposed.
BALKIN, J.P., SGROI, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court