People v Bennett (2022 NY Slip Op 07007)

People v Bennett

2022 NY Slip Op 07007

Decided on December 08, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 08, 2022

Before: Kapnick, J.P., Oing, Singh, Moulton, Pitt-Burke, JJ. 

Ind No. 2096/08 Appeal No. 16818 Case No. 2015-126 

[*1]The People of the State of New York, Respondent,
v
Michael Bennett, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (David Bernstein of counsel), and Weil, Gotshal & Manges LLP, New York (Jenna R. Harris of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Beth Fisch Cohen of counsel), for respondent.

Judgment, Supreme Court, New York County (Jill Konviser, J.), rendered October 26, 2012, as amended December 17, 2012, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, and sentencing him to a term of 13 years, unanimously reversed, on the law, the conviction vacated, the lineup identification by witness K. G. suppressed, and the matter remanded for a new trial preceded by an independent source hearing as to that witness.
Defendant was deprived of his right to have counsel present at a March 2009 postindictment lineup. It is undisputed that defendant had a right to counsel at this lineup, which was conducted at a time when he already had representation. Although defendant's counsel was notified of the lineup and did not attend, a paralegal employed by counsel attempted to attend the lineup but was turned away by the police.
The attorney did not waive his client's right to counsel at the lineup by failing to appear. The police should have briefly paused this nonexigent, postindictment lineup, conducted long after the crime (see People v Coates, 74 NY2d 244, 249 [1989]), in order to advise the attorney he needed to attend personally, or to have the paralegal so advise counsel. The error was not harmless, and the People do not argue otherwise. Accordingly, defendant is entitled to suppression of the lineup identification at issue, as well as a new trial preceded by an independent source hearing regarding the witness who identified him at that lineup (see People v Burts, 78 NY2d 20, 23-24 [1991]).
However, defendant is not entitled to suppression of any identification evidence regarding two other witnesses, who viewed a lineup in April 2008. The record supports the hearing court's finding that detectives did not prompt the lineup identifications made by either of these two witnesses. Defendant did not preserve his present claims regarding a photographic procedure that did not result in any identification, or regarding the presence of defendant's photo in an array that preceded the lineup, and we decline to review them in the interest of justice. As an alternative holding, we find them unavailing. Because there was no suggestiveness, there is no basis for suppression of these witnesses' in-court identifications of defendant. Nevertheless, the hearing court proceeded to the issue of independent source, and the record also establishes that each of these two witnesses had a valid independent basis to identify defendant in court based on their observations of him on the night of the crime. We also find that defendant's claims of ineffective assistance of counsel, relating to identification issues, are unreviewable on direct appeal.
Because the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]), defendant is not entitled to dismissal of the indictment. We find it unnecessary to reach any other issue because we are ordering a new trial.THIS CONSTITUTES [*2]THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2022