■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS McCRIMMON, Also Known as DOUGLAS McCRIMMONS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered April 17, 1986, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the case is remitted to the Supreme Court, Kings County, to hear and determine the issue of whether the police obtained a valid waiver of the defendant's right to *counsel* at the lineup, and the appeal is held in abeyance in the interim. The Supreme Court, Kings County, shall file its findings of fact and conclusions of law with all due speed.

At the *Wade* hearing, the People elicited testimony from the

detective who conducted the lineup at which the complainant identified the defendant that the detective had contacted the defendant's attorney on an unrelated charge in an attempt to secure his presence at the court-ordered lineup. Although the detective offered to reschedule the lineup to accommodate the attorney, the attorney declined to attend.

Since the defendant's presence at the lineup was secured by a court order of removal, he had a right to counsel at the lineup *(see, People v Coleman,* 43 NY2d 222; *People v Smith,* 120 AD2d 118, *lv denied* 69 NY2d 750), but there was no testimony adduced that the defendant ever waived his right to counsel. However, the issue of whether the police obtained a valid waiver of his right to counsel was never raised by the defendant at either the suppression hearing or the trial.

Of course, a "claimed deprivation of the State constitutional right to counsel may be raised on appeal, notwithstanding that the issue was not preserved by having been specifically raised in a suppression motion or at trial" *(People v Kinchen,* 60 NY2d 772, 773). Nevertheless, in view of the fact that the defendant never raised the issue at the hearing or the trial, the People were not put on notice that they were required to address the waiver issue, and before passing on the merits of the contentions on appeal, we consider it appropriate to remit the matter to Criminal Term for a hearing on that issue, at which the People may adduce such evidence as they have pertaining thereto. Niehoff, J. P., Weinstein and Kunzeman, JJ., concur.

Lawrence J., dissents, with the following memorandum: Under the circumstances herein, I find no reason to hold this appeal in abeyance pending a further hearing on the issue of whether the defendant waived his right to counsel at the lineup *(see, People v Havelka,* 45 NY2d 636). The People were clearly aware that the defendant had a right to counsel at the lineup *(see, People v Coleman,* 43 NY2d 222; *People v Smith,* 120 AD2d 118, *lv denied* 69 NY2d 750), thereby requiring them to establish that he had waived this right *(see, People v Sutton,* 47 AD2d 455, 458). Further, the People do not claim that they were deprived of a full opportunity to advance evidence on this issue, and indeed, a sufficient factual record exists so as to allow this court to review this matter *(cf., People v Kinchen,* 60 NY2d 772, 774).

Accordingly, I would reach this issue, as well as the other issues raised on appeal, at this juncture.