■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS McCRIMMON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered April 17, 1986, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review, the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress certain identification testimony. Pursuant to an order of this court dated September 8, 1987, the matter was remitted to the Supreme Court, Kings County, to hear and determine whether the police had obtained a valid waiver of the defendant's right to counsel at a court-ordered lineup and the appeal was held in abeyance in the interim *(see, People v McCrimmon,* 133 AD2d 350). The Supreme Court has now complied.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress the proposed testimony by the complainant concerning the lineup identification of the defendant is granted; and it is further,

Ordered that the matter is remitted to the Supreme Court, Kings County, for a new trial to be preceded by a hearing on that branch of the defendant's omnibus motion which was to suppress any in-court identification of him by the complainant.

The hearing held pursuant to the order dated September 8, 1987, discloses that the police never obtained the defendant's oral or written waiver of his right to counsel at a court-ordered lineup. Contrary to the People's contention, the refusal by the attorney who represented the defendant on unrelated charges to attend the lineup did not constitute an effective waiver on the part of the defendant. There was no evidence that the attorney had discussed his decision not to attend the lineup with the defendant and that the defendant had agreed to the attorney's decision *(cf., People v Yut Wai Tom,* 53 NY2d 44, 52-54). Neither does the fact that the defendant voluntarily participated in the lineup constitute a valid waiver under the circumstances *(see, People v Yut Wai Tom, supra,* at 52).

Since we cannot deem the admission into evidence of the complainant's lineup identification testimony to be harmless error, there must be a new trial *(see, People v Dodt,* 61 NY2d 408, 417). Further, in light of the fact that the hearing court never determined in the first instance the issue of whether there was an independent basis for any in-court identification of the defendant by the complainant, a hearing should be held on this issue prior to any new trial unless waived by the defendant *(see, People v Dodt, supra; People v James,* 111 AD2d 254, 255, *affd* 67 NY2d 662, 664). Lawrence, J. P., Kunzeman, Weinstein and Spatt, JJ., concur.