■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOBY WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fuchs, J.), entered November 15, 1984, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the case is remitted to the Supreme Court, Kings County, to hear and report on the issue of whether the police obtained a valid waiver of the defendant's right to counsel at the lineup, and for a new *Wade* hearing, and the appeal is held in abeyance in the interim. The Supreme Court, Kings County, shall file its findings of fact and conclusions of law with all convenient speed.

Testimony adduced at the *Wade* hearing indicated that the defendant's presence at a lineup had been secured by a court order. The defendant testified that he had been at Rikers Island on the day of the lineup; on his way from the jail to the precinct, he asked his detective escorts for his attorney. When

detectives notified the attorney of the lineup, he refused to attend. No testimony was solicited concerning whether the defendant affirmatively waived his attorney's presence because the defendant did not raise the issue at the hearing.

Since the defendant's presence at the lineup was secured by a court order, he had a right to counsel at the lineup *(see, People v Coleman,* 43 NY2d 222), but there was no testimony adduced that the defendant ever waived his right to counsel. This issue must be resolved before the defendant's appeal can be determined *(see, People v McCrimmon,* 133 AD2d 350, 351). While the defendant did not raise the issue at the suppression hearing, it can be heard for the first time on appeal *(see, People v Kinchen,* 60 NY2d 772, 773). As the record is incomplete, we must remit the matter to Criminal Term for a hearing on the issue *(see, People v McCrimmon, supra,* at 351).

Moreover, our review of the record reveals that the court should have granted the defendant's request to reopen the *Wade* hearing after it was disclosed that the complainant had examined a photographic array on the night the crime was committed and had failed to identify the defendant's photograph.

We do not pass on any other issues. Brown, J. P., Lawrence, Kooper and Spatt, JJ., concur.