OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and a new trial ordered.
As the People candidly concede, the lineup testimony of two of the People’s witnesses should have been suppressed. Since a removal order had been issued to secure defendant’s attendance at the pretrial identification procedures, defendant had a right to the presence of counsel during the lineups (People v Coleman, 43 NY2d 222). Inasmuch as defendant did not waive that right, the lineups, which were conducted in the absence of counsel, violated defendant’s constitutional rights.
Further, we conclude that the erroneous admission of the lineup evidence was not harmless beyond a reasonable doubt, as is required in appeals involving constitutional error (see, People v Crimmins, 36 NY2d 230, 237). The only significant issue at defendant’s trial was identification. Of the four witnesses whose testimony connected defendant to the crime, two, a police officer and an informant, were subject to serious impeachment. The People’s strongest evidence came from the other two eyewitnesses, the witnesses who had been exposed to the uncounseled lineups. The People cannot now rely on the in-court identification testimony of these witnesses, however, since, in the absence of a hearing to determine whether that testimony had an independent source, it cannot be assumed that that testimony was not also tainted and subject to exclusion (see, United States v Wade, 388 US 218, 240-241; People v Coates, 74 NY2d 244 [decided herewith]; People v Dodt, 61 NY2d 408). Accordingly, there must be a reversal and a retrial. Should the People elect to seek admission at the new trial of the in-court identification testimony of the two witnesses who viewed the lineup, they will be entitled to a hearing at which they have the opportunity to establish an independent source for that testimony (see, People v Crandall, 69 NY2d 459).
Because there must be further proceedings, we also take note of the errors committed in connection with the infor *790 mant-witness, whose cooperation was secured by the People only after he was offered eight months’ incarceration on an unrelated robbery charge for which he faced a possible sentence of up to 30 years’ imprisonment. In light of this witness’s obvious interest, the court should have told the jury, as had been requested, that the informant’s testimony should be scrutinized carefully and a determination made as to whether any benefit he received affected the truthfulness of that testimony (see, 1 CJI[NY] 7.24). Such a clarifying instruction was particularly important here because of the imbalance created by the court’s erroneous instruction, to which counsel objected, that the informant’s criminal past could be considered only insofar as it implicated his general credibility, thereby ruling out consideration of the more specific possibilities of bias and motive to falsify (see, People v Bell, 38 NY2d 116, 123).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order reversed, etc.