■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEXTER THOMAS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered March 29, 1984, convicting him of attempted murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress prospective testimony concerning the lineup identifi-

cation of the defendant is granted, and a new trial is ordered, to be preceded by a hearing as to the issue of whether the complainant possessed an independent source upon which to predicate an in-court identification of the defendant. No questions of fact have been raised or considered.

The defendant was being held on an unrelated charge when the police obtained a court order compelling him to participate in a lineup procedure with respect to the instant offense. The attorney who represented the defendant in connection with a pending unrelated matter was notified about the lineup. Although this attorney initially indicated that he wished to be present at the lineup, he subsequently contacted the prosecutor and advised him that he would not be appearing. The defendant was compelled to participate in the lineup, without benefit of counsel, and he was identified by the complaining witness as the perpetrator of the crime. Testimony concerning the lineup identification was elicited at the trial and a photograph of the lineup was also admitted into evidence.

We find merit to the defendant's contention that the hearing court erred in denying his motion to suppress evidence regarding the lineup identification. It is beyond dispute that the defendant had a right to the presence of counsel during the lineup since he was incarcerated on an unrelated matter for which he was represented by counsel and a removal order had been issued to secure his attendance at the lineup (see, People v Coleman, 43 NY2d 222). While a defendant may waive his right to counsel, there is no evidence in the record to support the conclusion that the defendant affirmatively waived this right. Although the defendant's attorney was contacted and ultimately refused to appear at the lineup, counsel's actions in this regard cannot be imputed to the defendant for purposes of declaring a waiver of his right to counsel, since there is no evidence that the defendant acquiesced in his attorney's decision to forego attending the lineup nor is there any evidence that counsel even consulted with the defendant prior to making this decision (see, People v Williams, 146 AD2d 661; People v McCrimmon, 142 AD2d 606; see also, People v Jackson, 74 NY2d 787). Because an attorney cannot unilaterally waive a defendant's right to counsel (see, People v Yut Wai Tom, 53 NY2d 44, 53-54), suppression of evidence relating to the lineup was warranted.

We further find that the erroneous admission of lineup evidence cannot be deemed harmless beyond a reasonable doubt (see, People v Crimmins, 36 NY2d 230, 237). Although

another prosecution witness had identified the defendant at the trial, this witness had been arrested as an accomplice to the crime and her testimony was, therefore, subject to "serious impeachment" *(People v Jackson, supra,* at 789).

Accordingly, the defendant is entitled to a new trial to be preceded by a hearing at which the prosecution shall have the opportunity to establish whether an independent source exists for the complainant's in-court identification. Thompson, J. P., Lawrence, Eiber and Spatt, JJ., concur.