■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW D. WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Patsalos, J.), rendered July 5, 1984, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOBY WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fuchs, J.), rendered November 15, 1984, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to

suppress identification testimony. By decision and order dated January 17, 1989, this court remitted the case to the Supreme Court, Kings County, to hear and report on whether the police obtained a valid waiver of the defendant's right to counsel at a lineup, and for a new *Wade* hearing, and directed that the appeal be held in abeyance in the interim *(see, People v Williams,* 146 AD2d 661). The Supreme Court (Greenberg, J.) has now complied.

Ordered that the judgment is reversed, on the law and the facts, that branch of the defendant's omnibus motion which was to suppress testimony concerning the lineup identification is granted, and a new trial is ordered.

At the hearing held after remittal, it was determined that after the defendant was removed from Rikers Island pursuant to a court order so that he might participate in a lineup, he invoked his right to counsel. When his attorney was notified that a lineup would be held, the attorney told the police that he would be unable to attend. The lineup was held that evening despite the defendant's failure to waive his attorney's presence. Under the circumstances, testimony with respect to this lineup should have been suppressed *(see, People v Jackson,* 74 NY2d 787; *People v Coleman,* 43 NY2d 222). Moreover, since the only testimony connecting the defendant to the crime is that of the victim, introduction of evidence of the lineup cannot be considered harmless *(see, People v Jackson, supra; People v Coates,* 74 NY2d 244).

We agree with the hearing court that an independant basis for identification exists. The hearing testimony indicates that the complainant saw the defendant in brightly lit areas before and during the robbery. They exchanged polite conversation before the robbery and stood within a few feet of each other in the elevator in which the robbery occurred. Moreover, there is no evidence that the victim's identification of the defendant was tainted by the illegal lineup which was held approximately 10 weeks after she was robbed.

We have reviewed the defendant's other contentions and find them to be without merit. Brown, J. P., Lawrence, Kooper and Spatt, JJ., concur.