■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONTE JOHNSON, Also Known as UMAGISTY JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered October 28, 1987, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress in-court identification testimony of the complainant.

Ordered that the judgment is reversed, on the law, the plea

is vacated, that branch of the defendant's omnibus motion which was to suppress in-court identification testimony of the complainant is granted in its entirety and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The hearing court granted the branch of the defendant's omnibus motion which was to suppress the complainant's out-of-court identification of him as impermissibly suggestive. However, after the court ruled that an independent basis existed for the complainant's in-court identification of the defendant and that such an identification would be admissible at trial, the defendant pleaded guilty to robbery in the first degree. On appeal, the defendant contends that the court's latter ruling was improper. We agree.

The crucial issue was whether the victim Sheldon Schiffman's observations of the man who served as the driver of the motorcycle used as the getaway vehicle provided an independent basis for him to make an in-court identification of the defendant as that man. Based on Schiffman's testimony, no such independent basis may be said to exist. When asked on cross-examination whether he had seen the face of the getaway driver either during the commission of the crime or the escape, Schiffman responded "Not directly, no". He subsequently testified conclusorily that he nonetheless knew it was the same person who had stopped for the red light alongside his vehicle. When asked how he knew this Schiffman again responded conclusorily "Because it was the same person". Subsequently in response to the court's leading question, "You mean you could see the face?", the witness contradicted his earlier testimony by responding "Yes, he was watching the incident". The witness further contradicted his earlier testimony by stating that he had been able to see the face of the driver of the getaway vehicle, "but not directly on". Finally, however, when he was asked if he could describe the face of the driver, Schiffman flatly responded "No".

It is also significant that although Schiffman gave a fairly detailed description of the man he had seen driving the motorcycle when it was stopped for a red light alongside his car, he was unable to provide a definitive in-court identification of the defendant as that man but instead merely stated "I believe [he is]". Schiffman added that although the defendant appeared to be the man, he was not absolutely certain because the cyclist had worn eyeglasses and the defendant, as he appeared in the courtroom, did not.

In sum, Schiffman's testimony could hardly be said to have

established by clear and convincing evidence that his observations of the getaway driver at the crime scene provided an independent basis for an in-court identification *(see, Gilbert v California,* 388 US 263, 272; *People v Ballott,* 20 NY2d 600). Accordingly, the hearing court erred in denying that branch of the defendant's omnibus motion which was to suppress the victim's in-court identification of the defendant and the plea, which was a product of the erroneous ruling, must be vacated *(see, People v Grant,* 45 NY2d 366). Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.