■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v OSCAR DAVIS, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Friedmann, J.), dated December 7, 1989, which, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the order is affirmed.

"Though law enforcement authorities ordinarily are not required to notify counsel of an impending investigatory lineup absent a specific request to do so, when the police are aware that a criminal defendant is represented by counsel and the defendant explicitly requests the assistance of his attorney, the police may not proceed with the lineup without at least apprising the defendant's lawyer of the situation and affording him or her an opportunity to appear" *(People v Coates,* 74 NY2d 244, 249). In the instant case, the police were aware that the defendant was represented by counsel in a pending unrelated matter and that counsel had expressed a desire to be present at the lineup. After three unsuccessful attempts to contact defense counsel at her office well after the close of business, the police conducted the lineup at approximately 12:50 A.M. on March 23, 1989, in the absence of counsel. Inasmuch as nine months had elapsed between the date of the incident and the lineup, any need for prompt verification of the suspect was absent, and there was no indication that the complaining witnesses would be unavailable at a later time on that day or during normal business hours. Under the circumstances, the defendant's attorney was improperly excluded from the lineup proceeding and the defendant's right to counsel was thereby violated. Accordingly, the lineup identification was properly suppressed by the hearing court.

We disagree, however, with the hearing court's finding that the procedure leading up to the photographic identification was unduly suggestive. We find nothing inherently suggestive in the fact that the police did not compel the witnesses to view, from beginning to end, an entire Polaroid book, which consisted of approximately 200 photographs. Rather, the po-

lice opened the photograph book to a point approximately two pages before the page on which the defendant's photograph appeared and allowed the witnesses to commence their viewing from that point. The witnesses viewed a number of photographs before identifying the defendant.

The People failed to preserve all of the hearing exhibits for our review. Their failure to preserve the photographs displayed to the witnesses is particularly troublesome inasmuch as it effectively precludes us from assessing the suggestiveness of the array from the standpoint of whether the photographs presented depicted black males of a similar age and possessing reasonably similar facial characteristics. Contrary to the finding of the hearing court, the determining factor is not the sheer number of photographs displayed but, rather, whether the photographs actually displayed are so dissimilar as to have been inherently suggestive. Under the circumstances, and in the absence of an independent source for an in-court identification, our recourse is to affirm the order granting that branch of defendant's omnibus motion which was to suppress the identification evidence in its entirety. Bracken, J. P., Kunzeman, O'Brien and Ritter, JJ., concur.