■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
WINSTON RICHARD, Appellant.—Appeal by the defendant from
a judgment of the Supreme Court, Queens County (Rotker, J.),
rendered March 1, 1989, convicting him of robbery in the first
degree, upon a jury verdict, and imposing sentence. The
appeal brings up for review the denial, after a hearing, of that
branch of the defendant's omnibus motion which was to
suppress certain identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in deny-
ing his request to compel the attendance of the complaining
witness at the *Wade* hearing. The defendant does not have an
absolute right to compel the complainant or an identifying
witness to testify at a *Wade* hearing *(see, People v Chipp,* 75
NY2d 327, 337, *cert denied* — US —, 111 S Ct 99). In this case,
the hearing testimony of the police detectives established that
the pretrial identification procedures they utilized were not
suggestive. The defendant failed to make an adequate showing
as to the necessity of the complaining witness's testimony.
Accordingly, the court's denial of the defendant's application
was a proper exercise of discretion *(see, People v Chipp, supra,*
at 338; *People v Allen,* 163 AD2d 396; *People v James,* 159
AD2d 723).

The defendant further contends that his guilt was not
established beyond a reasonable doubt. Viewing the evidence
in the light most favorable to the prosecution *(see, People v
Contes,* 60 NY2d 620), we find that it was legally sufficient to
establish the defendant's guilt beyond a reasonable doubt. The
record shows that on the same day the complainant was the
victim of a gunpoint robbery and after viewing about 1600
photographs arranged in books she selected the defendant's
photograph as the perpetrator of the robbery. About two and
one-half weeks later the complainant identified the defendant
in a lineup. Her trial testimony demonstrated that she viewed
the defendant during the incident for about one minute under
good lighting conditions and immediately thereafter was able
to provide to the police a detailed description of the facial
characteristics and the attire of the perpetrator.

Upon the exercise of our factual review power, we are
satisfied that the verdict was not against the weight of the
evidence (CPL 470.15 [5]). The jury's verdict essentially rested
upon its assessment of the complainant's credibility. It is well

settled that resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless it is clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon our review, we find that the jury properly decided to credit the complainant's testimony which, standing alone, was sufficient to support the conviction.

Furthermore, we perceive of no basis upon which to modify the sentence imposed *(see,* Penal Law § 70.06 [3] [b]; [4] [b]; *People v Suitte,* 90 AD2d 80, 85).

We have reviewed the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Thompson, J. P., Eiber, Balletta and O'Brien, JJ., concur.