■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE LOPIZZO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered December 20, 1984, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Balbach, J.), after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony.

Ordered that the judgment is reversed, on the law and the facts, the plea is vacated, that branch of the defendant's omnibus motion which was to suppress testimony concerning the lineup identification is granted, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

Upon review of the evidence adduced at the suppression hearing, we find that the defendant was deprived of his right to counsel at the lineup. Prior to the conduct of the lineup, the defendant told the police that he was represented by an attorney, and wanted his attorney present at the lineup. When the defendant's attorney called the police precinct in response to an earlier call placed by the defendant, he told the police that he would be unable to attend that day because he was out of town and requested that the lineup be held the next day so that he could be present. The defense counsel's request was denied. The police proceeded with the lineup, at which the defendant was identified as a participant in the robbery of a Queens beauty salon.

It is well settled that an accused does not have a right to counsel at investigatory lineups, as a matter of Federal or State constitutional law (see, People v Coates, 74 NY2d 244, 248; People v Hernandez, 70 NY2d 833, 835). However, if a suspect already is represented by counsel, his attorney may not be excluded from the lineup proceedings (see, People v Hawkins, 55 NY2d 474, 487, cert denied 459 US 846; People v Blake, 35 NY2d 331, 338). The police have no obligation to notify counsel or to suspend the proceedings for counsel to be present if "the delay would result in significant inconvenience to the witnesses or would undermine the substantial advan-

tages of a prompt identification confrontation" *(People v Hawkins, supra,* at 487). Moreover, "when the police are aware that a criminal defendant is represented by counsel and the defendant explicitly requests the assistance of his attorney, the police may not proceed with the lineup without at least apprising the defendant's lawyer of the situation and affording him or her an opportunity to appear" *(People v Coates, supra,* at 249). In the instant case, the lineup was conducted nearly seven months after the crime took place, and, therefore, the concern about prompt identification confrontations expressed in *People v Hawkins (supra)* was absent. Nor is there any indication in the record that the one-day delay in the lineup requested by the defense counsel would have caused significant inconvenience to the witness in this case who viewed it *(see, People v Hawkins, supra).* Accordingly, the suppression court erred in denying that branch of the defendant's motion which was to suppress the lineup identification on the ground that his right to counsel was violated *(see, People v Davis,* 172 AD2d 555). In reaching this determination, we note that there was no indication in the record that the prosecution caused a delay in the filing of the accusatory instrument for the purpose of depriving the defendant of his right to have counsel present at the viewing of the lineup *(see, People v Horn,* 161 AD2d 603, 604; *cf., People v Collins,* 136 AD2d 720). We agree with the hearing court that the eyewitness had an independent basis for an in-court identification of the defendant in the event of a trial. However, because the defendant's plea of guilty was the product of an erroneous suppression ruling with respect to the lineup that may have contributed to the defendant's decision to plead guilty, it must be vacated *(see, People v Grant,* 45 NY2d 366, 379-380; *People v Ramos,* 40 NY2d 610, 618-619; *People v Johnson,* 157 AD2d 802, 804).

In view of our determination, we do not address the defendant's claim with respect to the excessiveness of his sentence. Thompson, J. P., Bracken, Lawrence and Eiber, JJ., concur.