■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC REED, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered December 21, 1988, convicting him of robbery in the first degree (three counts) and criminal possession of stolen property in the third degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress lineup identification testimony.

Ordered that the judgment is modified, on the law, by reversing the defendant's conviction of criminal possession of stolen property in the third degree (three counts), vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The defendant's contention that the Supreme Court should have suppressed testimony pertaining to a corporeal lineup held on September 23, 1986, because his counsel on an unrelated case was not invited to attend is without merit. The fundamental principle is that " 'if a suspect already has counsel, his attorney may not be excluded from the lineup

proceedings' " *(People v LaClere,* 76 NY2d 670, 674, quoting *People v Hawkins,* 55 NY2d 474, 487). This right to have the defendant's existing counsel at the investigatory or pre-accusatory lineup is triggered only when "the police were aware of the critical feature: the defendant's representation by counsel though on an unrelated charge" *(People v LaClere, supra,* at 673-674) and the defendant explicitly requests the assistance of his attorney *(People v LaClere, supra; People v Coates,* 74 NY2d 244). Upon the record before us, we cannot state that the hearing court erred in finding credible the detective's testimony that he was not aware that the defendant was represented by an attorney on an unrelated charge, particularly since the defendant denied any such representation and the defendant stated that he did not want anyone present at the lineup *(see, People v Greene,* 135 AD2d 729). Consequently, the court properly denied that branch of the defendant's omnibus motion which was to suppress lineup identification testimony.

The defendant also contends that the People failed to prove his guilt beyond a reasonable doubt. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of three counts of robbery in the third degree beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). The jury determined that the witnesses accurately identified the defendant as the robber. Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]; *People v Steans,* 173 AD2d 344; *People v Althorne,* 155 AD2d 604; *People v Delfino,* 150 AD2d 718).

However, we find that the evidence failed to establish that the defendant possessed any stolen property. Proof that the property in question is stolen is an essential element of the crime of criminal possession of stolen property in the third degree *(see,* Penal Law § 165.50; *People v Bryson,* 118 AD2d 791; *People v Matthews,* 6 AD2d 786). The property alleged to be stolen herein consisted of $151 in paper currency and a roll of pennies found in the defendant's room. There was insufficient proof, however, to establish that this money was stolen,

especially in view of the consistent testimony that the defendant had a solid employment history and in view of the fact that there was no evidence to connect that money with the robberies.

The defendant's remaining contentions are either unpreserved for appellate review or meritless. Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.