OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
An experienced undercover officer purchased a gram of cocaine from defendant inside a Manhattan apartment, which provided the basis for a search warrant for the premises. The officer returned to the apartment one week after the first purchase and bought another gram of cocaine from defendant. After leaving the building, the officer immediately radioed to *966 his backup team that the "buy had gone down.” The backup team appeared at the apartment within five minutes to execute the warrant, and arrested defendant and other occupants of the apartment. The undercover officer was not present during the search or arrest, but went to the station house later that evening and identified defendant through a one-way mirror. This identification occurred less than five hours after the officer had seen defendant in the apartment.
The People argue that the hearing court properly ruled that the station house identification was admissible as a confirmatory procedure (see, People v Wharton, 74 NY2d 921; see also, People v Morales, 37 NY2d 262). We agree. Although the People failed to establish that the identification procedure was not suggestive, testimony presented at the Wade hearing did establish that the officer’s identification, only hours after his second face-to-face transaction with defendant, "constitute!)!] the ordinary and proper completion of an integral police procedure” (People v Wharton, 74 NY2d, at 922-923, supra).
Defendant’s primary argument is that police identifications should not be considered confirmatory unless they have been preceded by a "drive-by” to assure that the right individual has been taken into custody (see, People v Wharton, 74 NY2d, at 922, supra; People v Morales, 37 NY2d, at 271-272, supra [drive-bys present in both cases]). We decline to impose such a per se requirement. Courts should be especially vigilant to assure that any identifications that have not been shown to be free of suggestive taint — such as confirmatory showups — are nevertheless reliable. Although a drive-by is one way to assure reliability, it is not the only way. We note that in this case the search warrant was executed only minutes after the undercover officer left the apartment. That substantially reduced the risk that the wrong person would be taken into custody and the risk of a later misidentification.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.