■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MINAYA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Posner, J.), rendered November 20, 1989, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is reversed, on the law, the branch of the defendant's omnibus motion which was to suppress identification testimony is granted, and the matter is remitted to the Supreme Court, Queens County, for a new trial preceded by an independent source hearing. No questions of fact have been raised or considered.

The defendant was found guilty of the sale of a controlled substance to an undercover police officer on February 16, 1989. On appeal, he argues, *inter alia,* that the court commit-

ted reversible error by admitting tainted identification testimony into evidence at trial and by not requiring an independent source for his in-court identification. We agree.

At the conclusion of the pretrial *Wade* hearing, the court ruled that a showup identification of the defendant was merely confirmatory in nature and did not violate his *Wade* rights. The court denied that branch of the defendant's omnibus motion which was to suppress the identification testimony. No independent source for the defendant's identification was developed at the hearing.

The court was in error when it ruled at the *Wade* hearing that the showup identification was merely confirmatory in nature. Confirmatory identifications, such as those that often occur in the context of buy-and-bust drug operations, generally occur "at a place and time sufficiently connected and contemporaneous to the arrest itself as to constitute the ordinary and proper completion of an integral police procedure", and are deemed reliable *(see, People v Wharton,* 74 NY2d 921, 922-923; *People v Roberts,* 79 NY2d 964). They do not occur, as here, six days after the transaction. The six-day lapse was not an integral police procedure sufficiently connected and contemporaneous to the arrest itself, and the fact that the showup identification was made by a trained police officer does not overcome the suggestiveness of the showup identification *(see, People v Gordon,* 76 NY2d 595).

We further find that because an independent source for the defendant's in-court identification was not developed at the *Wade* hearing, his conviction must be reversed and a new trial, preceded by an independent source hearing, must be ordered. The courts have consistently insisted upon a "clean break and fresh-start remedy" in similar circumstances *(see, People v Burts,* 78 NY2d 20; *People v Riley,* 70 NY2d 523; *People v Dodt,* 61 NY2d 408; *People v Grillo,* 176 AD2d 346). However, the court's *Sandoval* ruling, i.e., that the People would be limited to establishing only one of the defendant's prior convictions, was not an improvident exercise of the court's discretion *(see, People v Pavao,* 59 NY2d 282, 291-292; *People v Kyser,* 147 AD2d 590, 591). Moreover, the defendant's claims of error in the trial court's instructions to the jury are without merit.

In light of our determination to order a new trial, we need not address the defendant's remaining contentions. Bracken, J. P., Sullivan, Eiber and Pizzuto, JJ., concur.