■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONELL SHEFFIELD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Felig, J.), rendered October 16, 1990, convicting him of robbery in the first degree, burglary in the first degree, and criminal

possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered to be preceded by an independent source hearing. No questions of fact have been raised or considered.

At the conclusion of the pretrial *Wade* hearing, at which the complainant did not testify, the court ruled that the complainant's lineup identification of the defendant was tainted, and suppressed the lineup identification testimony. The defendant argues, *inter alia,* that the trial court committed reversible error in subsequently allowing the complainant to give in-court identification testimony without conducting an independent source hearing. We agree.

Once a pretrial identification has been suppressed as tainted, a pretrial determination must be made as to whether the witness has an independent source for an in-court identification *(see, People v Burts,* 78 NY2d 20, 24-25; *People v Dodt,* 61 NY2d 408, 417). Since an independent source was not established at the *Wade* hearing, and no pretrial determination was made as to independent source, the conviction must be reversed, and a new trial ordered, to be preceded by an independent source hearing *(see, People v Dodt, supra,* at 417; *People v Minaya,* 183 AD2d 920). Harwood, J. P., O'Brien, Ritter and Copertino, JJ., concur.