■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS BRINSON, Appellant.—Judgment unanimously reversed on the law, plea vacated, motion granted and matter remitted to Ontario County Court for further proceedings on the indictment. Memorandum: County Court erred in denying defendant's motion to suppress the lineup identification because the lineup was conducted in violation of his right to counsel. Defendant had the right to have counsel present for the lineup before and during the identification procedure (see, People v Blake, 35 NY2d 331; see also, People v Coates, 74 NY2d 244; People v Hawkins, 55 NY2d 474, 485, cert denied 459 US 846). It was in defendant's interest to ensure that any identifications were not tainted by undue suggestiveness (see, United States v Wade, 388 US 218). Although defendant's counsel was present when the witnesses viewed the lineup, law enforcement officials prevented counsel from being present when the witnesses were instructed before the viewing and when the witnesses identified defendant after the viewing, thereby limiting counsel's opportunity to protect defendant's interest. Because defendant's decision to plead guilty may have been caused by the court's erroneous suppression ruling, his plea must be vacated (see, People v Grant, 45 NY2d 366, 379-380; People v Ramos, 40 NY2d 610, 618-619; People v LoPizzo, 173 AD2d 562, 563).

Defendant's other contentions are without merit. In ruling that defendant's confession was admissible, the court correctly applied the holding of People v Bing (76 NY2d 331; see, People v Brown, 171 AD2d 1038, 1039, lv denied 77 NY2d 992). Because of the friend's consent to the search of her apartment, defendant's motion to suppress physical items seized from the apartment was properly denied. The trial court did not err in denying defendant's request, one week before trial, for new assigned counsel in the absence of a showing of good cause for such substitution. Lastly, defendant was not denied effective assistance of counsel (see, People v Baldi, 54 NY2d

137). (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Kidnapping, 2nd Degree.) Present—Denman, P. J., Pine, Lawton, Boehm and Davis, JJ.