■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY DORANT, Appellant. [616 NYS2d 524] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldman, J.), rendered May 5, 1992, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and report on that branch of the defendant's omnibus motion which was to suppress identification testimony on the ground that the defendant was deprived of his right to counsel at the lineups, and the appeal is held in abeyance in the interim. The Supreme Court, Kings County, is to file its report with all convenient speed.

The defendant contends that the identification testimony should have been suppressed because he was deprived of his right to counsel at the lineups *(see, People v LaClere,* 76 NY2d 670). Whether this contention has merit depends, in part, on the credibility of the testimony of the defendant and of the police witness at the suppression hearing. Although the court denied the defendant's motion, it failed to make findings of fact which would permit appellate review of the issue *(see,* CPL 710.60 [4]; *People v Rumph,* 190 AD2d 698). Because the Judge who conducted the hearing has retired, we remit the matter for a new hearing, which shall be limited to the issue of whether the defendant's right to counsel at the lineups was violated.

We find that the hearing record is sufficient to establish

that the procedures employed by the police at the lineups were not suggestive. Therefore, we reject the defendant's contention that the court erred in denying the defendant's request to compel the civilian witnesses to testify at the hearing (see, People v Chipp, 75 NY2d 327, cert denied 498 US 833; People v Richard, 172 AD2d 569).

We do not reach any of the defendant's remaining contentions at this juncture. O'Brien, Santucci and Florio, JJ., concur.

Sullivan, J. P., dissents and votes to reverse the defendant's conviction, to suppress the lineup identifications, and to order a new trial with the following memorandum with which Goldstein, J., concurs: Contrary to the views expressed by the majority, I do not find that there is any question of fact or credibility issue requiring a new suppression hearing. We have a complete transcript of the hearing that has already been conducted and at which only two witnesses testified, Detective Charles Platt and the defendant. In addition, the arguments of counsel for both sides and the comments of the hearing court were recorded. Hence, there is an ample factual record upon which this Court may exercise intelligent judicial review of the right-to-counsel issue. Upon such review, I find that the hearing testimony demonstrates, as a matter of law, that the defendant's right to counsel was violated in this case.

The crime alleged in the indictment in this case occurred on April 3, 1991. The defendant was arrested by Detective Platt at 11:30 A.M. on April 26, 1991, outside a ninth-floor courtroom of the Supreme Court in Brooklyn where the defendant was appearing on an unrelated matter. Detective Platt knew that the defendant would be there, and he guessed that the defendant would have an attorney. After Detective Platt handcuffed the defendant, Colin Moore, the defendant's counsel, approached him, identified himself, and asked the detective what was happening. Platt told Moore that he was arresting the defendant for armed robbery. Moore informed Platt that he represented the defendant and instructed the detective not to question his client. Platt and Moore exchanged business cards on which were printed their telephone numbers. Platt testified that he told Moore that the defendant would be placed in a lineup later that day but that he did not tell Moore when the lineup would be held. The defendant testified that Platt did not advise Moore of the impending lineup.

The defendant was taken to the 70th Precinct, and he was

placed in the first of four lineups at 4:25 P.M. Detective Platt never attempted to contact Moore, and Moore did not contact Detective Platt or the defendant. The defendant testified that he asked Platt if his lawyer was supposed to be present at the lineups and that the detective responded in the negative. Detective Platt testified that he did not recall this conversation. The defendant was identified by two of the four witnesses who viewed the lineups. Those two witnesses were the only witnesses who identified the defendant at trial, and they provided the only evidence linking the defendant to the commission of the crime.

It is well settled that the police have no obligation to provide counsel for a suspect in an investigatory lineup, even when the suspect requests counsel (see, *People v Hawkins,* 55 NY2d 474, 487, *cert denied* 459 US 846). However, there are certain exceptions to this rule. For example, when a defendant is incarcerated and represented by counsel, an ex parte order directing him to appear in a lineup is tantamount to the filing of an accusatory instrument thereby triggering the attachment of the defendant's right to counsel at the lineup (see, *People v Coleman,* 43 NY2d 222; *People v Jackson,* 143 AD2d 771, *revd on other grounds* 74 NY2d 787), although the defendant may waive that right. In *People v Blake* (35 NY2d 331, 338), the Court of Appeals observed that an attorney who already represents a suspect may not be excluded from lineup proceedings. After a detailed discussion of the right to counsel at identification proceedings, then Chief Judge Breitel summarized the rule as follows: "After arrest but before the filing of an accusatory instrument the presence of counsel is not mandated, but is desirable. *Where the accused has counsel known to the law enforcement authorities* or there is insufficiently explained delay which prevents him from obtaining counsel as he would on arraignment, *and he has not waived the right to counsel, the circumstances may establish his right to counsel at the viewing, the breach of which should result in exclusion"* (People v Blake, supra, at 340-341; emphasis supplied).

In *People v Coates* (74 NY2d 244), the Court of Appeals further refined these principles. In *Coates,* Officer McCormick, who was investigating a robbery and homicide that had occurred on July 22, 1983, had reason to believe that the defendant, who had been previously arrested for a similar crime by Detective Lehan, was a suspect in his case. Officer McCormick learned that the defendant was being brought from Rikers Island to the 34th Precinct pursuant to a court

order in order to appear in lineups for Detective Lehan. Following those lineups, Officer McCormick advised the defendant that he would be kept at the precinct for further lineups in connection with another homicide. Although the defendant requested that his lawyer be present, the lineups were conducted in counsel's absence, and two witnesses positively identified the defendant. The defendant's subsequent motion to suppress the lineup identifications was denied by the hearing court since the defendant's presence in those lineups was not the result of any court order. The Appellate Division, First Department reversed the conviction and suppressed the lineup identifications based on *People v Coleman* (43 NY2d 222, *supra).* The First Department reasoned that the right to counsel triggered by the court order authorizing Detective Lehan's lineup attached to all subsequent lineups. A unanimous Court of Appeals affirmed, not in reliance on *People v Coleman (supra),* but based on the principles set forth in *People v Blake* (35 NY2d 331, *supra).* Hence the Court observed:

"Though law enforcement authorities ordinarily are not required to notify counsel of an impending investigatory lineup absent a specific request to do so, when the police are aware that a criminal defendant is represented by counsel and the defendant explicitly requests the assistance of his attorney, the police may not proceed with the lineup without at least apprising the defendant's lawyer of the situation and affording him or her an opportunity to appear" *(People v Coates, supra,* at 249).

More recently, in *People v LaClere* (76 NY2d 670), Judge Bellacosa made it clear that the Court of Appeals' decision in *Coates* was not premised on the fact that the defendant had expressly requested that his counsel in an unrelated matter be present at the lineup in connection with the new charges: *"People v Coates* (74 NY2d 244, *supra)* did not decide that notification and opportunity to attend are required only when a defendant specifically asks for counsel from another unrelated matter to appear also at a lineup related to new charges. Even such a request, standing alone, is insufficient to trigger an official obligation to notify defense counsel of the opportunity to be present at a lineup when no counsel has been otherwise engaged or appointed *(see, People v Johnson* and *People v Laffosse,* 55 NY2d 474, 484-485). Rather we rejected the evidence from the *Coates* lineup because, in addition to that defendant's request for counsel, *the police were aware of the critical feature: defendant's representation by counsel,*

*though on an unrelated charge.* The request by defendant in *Coates* for his counsel was viewed as reflecting a strong likelihood that the attorney on the unrelated charge would enter on the new charge for which the lineup was to be conducted *(see also, People v Thomas,* 76 NY2d 902)" *(People v LaClere, supra,* at 673-674; emphasis supplied).

Hence, the Court of Appeals determined in *People v LaClere (supra)* that suppression was required because the police had conducted a lineup without notifying the attorney who was representing the defendant in an unrelated matter, even though that attorney had requested that the presiding Judge advise the arresting officers that he was also representing the defendant in connection with the new matter and that they should refrain from taking any statements from his client without counsel being present. The determinative factor in the *LaClere* decision was that the police knew the defendant was already represented by counsel:

"As we stated in *People v Blake:* 'When an accused, at any stage, before or after arraignment, to the knowledge of the law enforcement agencies, already has counsel, his right or access to counsel may not be denied' (35 NY2d 331, 338, *supra).* The right to counsel's presence at an investigatory lineup, such as it is, certainly was compromised and denied. Prompt notification to counsel by someone in the police chain of command, with actual or imputed knowledge, would have been a feasible and reasonable accommodation and satisfaction of defendant's right in this regard. The announcement to the Judge that the lawyer represented the defendant in this case and that he wanted the police to be informed of it by the court itself suffices for purposes of deciding this case under the governing principles and precedents. Defense counsel surely should not be held to an additional recitation of a precious litany of utterances.

"We conclude by noting that we are applying the fundamental principle that 'if a suspect already has counsel, his attorney may not be excluded from the lineup proceedings' *(see, People v Hawkins,* 55 NY2d 474, 487, *supra)" (People v La-Clere, supra,* at 674).

In the case before us, there is no material fact that is in dispute. The hearing testimony adduced by the prosecution establishes that when Detective Platt arrested the defendant, he was aware that the defendant was represented by Colin Moore in connection with an unrelated matter. Furthermore, Mr. Moore advised Detective Platt that he was representing the defendant in connection with the robbery charges in this

case as well, and he asked the detective not to question his client. Accordingly, the rights spelled out in *People v Blake* (35 NY2d 331, *supra), People v Coates* (74 NY2d 244, *supra),* and *People v LaClere* (76 NY2d 670, *supra)* attached, and the defendant was entitled to the presence of counsel at the lineup unless he chose to waive that right. There is nothing in this record to suggest such a waiver *(see, People v Thomas,* 155 AD2d 706, *affd* 76 NY2d 902). Similarly, the record contains no indication that the notification of Mr. Moore would have caused an unreasonable delay resulting in significant inconvenience to the witnesses or compromising the advantages of a prompt identification proceeding *(see, e.g., People v LaClere, supra,* at 674; *People v Coates, supra,* at 249).

Based upon the foregoing, I find that the Supreme Court erred in denying suppression of the lineup identifications. Moreover, since these lineups resulted in the only identification testimony linking the defendant to the commission of the crime, the error cannot be considered harmless *(see, People v Jackson,* 74 NY2d 787, *supra).* Therefore, I would reverse in accordance with our prior decisions affirming or ordering the suppression of lineup identifications due to the absence of counsel *(see, e.g., People v Davis,* 172 AD2d 555 [affirming suppression of a lineup that was conducted after the police had made three unsuccessful attempts to contact defense counsel after business hours]; *People v LoPizzo,* 173 AD2d 562 [ordering suppression of a lineup that was conducted when defense counsel was out of town and after he had requested a one-day adjournment of the lineup in a case that was already seven months old]).

Our decisions in *People v Riley* (158 AD2d 559) and *People v Reed* (181 AD2d 838) are not to the contrary. In *Riley,* a police officer *did* notify defense counsel, who stated that he could not come to the precinct and asked the officer not to conduct the lineup. We found that the resulting delay would have been unreasonable under the facts of that case. In *Reed,* the hearing court determined that the arresting detective had credibly testified that he was not aware that the defendant was represented by counsel on an unrelated charge and that the defendant had denied the existence of such legal representation and had stated that he did not want an attorney to be present at the lineup. Conversely, in the present case, Detective Platt never even attempted to contact Mr. Moore before the lineup, nor did he inform Mr. Moore when the lineup would be held, even though the detective admitted that he knew the defendant was represented by Mr. Moore.

Accordingly, I would reverse the conviction, suppress the lineup identifications, and order a new trial. Furthermore, I would find that the People are entitled to a hearing at which they would have the opportunity to establish an independent source for the in-court identification testimony of the two witnesses who viewed the lineup and positively identified the defendant *(see, People v Jackson,* 74 NY2d 787, *supra; People v Crandall,* 69 NY2d 459).