■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY DORANT, Appellant. [633 NYS2d 326] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldman, J.), rendered May 5, 1992, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. By a decision and order of this Court dated September 12, 1994, the appeal was held in abeyance and the matter was remitted to the Supreme Court, Kings County, to hear and report on the branch of the defendant's omnibus motion which was to suppress identification testimony on the ground that the defendant was deprived of his right to counsel at the lineups that were conducted in this case *(see, People v Dorant,* 207 AD2d 797). The Supreme Court, Kings County (Owens, J.), has conducted a hearing and filed its report with this Court.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

This matter was remitted to the Supreme Court, Kings County, for a new hearing on the issue of whether the defendant was deprived of his right to counsel at the lineups that were conducted in this case because the Judge who denied the branch of the defendant's omnibus motion which was to suppress identification testimony had retired prior to the appeal and had failed to make findings of fact which would permit appellate review of the issue. Following the hearing, the Supreme Court determined that the defendant's right to counsel had been violated at the lineups and granted the branch of the defendant's omnibus which was to suppress testimony about the identification of the defendant at the lineups. Since the admission at the defendant's trial of such identification testimony cannot be considered harmless error, the defendant is entitled to a new trial *(see, People v Jackson,* 74 NY2d 787; *People v Dodt,* 61 NY2d 408). Moreover, if the People seek admission at the new trial of in-court identification testimony by the witnesses who viewed the lineups, they will be entitled to a hearing to establish that there is an independent source for such testimony *(see, People v Jackson, supra; People v Crandall,* 69 NY2d 459; *People v Dodt, supra).* Sullivan, J. P., O'Brien, Santucci, Goldstein and Florio, JJ., concur.