■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WONG, Appellant. [636 NYS2d 387] —Motion by the appellant for reargument of an appeal from a judgment of the Supreme Court, Kings County, rendered June 2, 1993, which was determined by decision and order of this Court dated July 17, 1995.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted, and upon reargument, the unpublished decision and order of this Court dated July 17, 1995, is recalled and vacated, and the following is substituted therefor:

Appeal by the defendant from a judgment of the Supreme Court, Kings County (McKay, J.), rendered June 2, 1993, convicting him of rape in the first degree (four counts) and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is modified, on the law, by reversing the conviction for rape in the first degree under count six

of Kings County Indictment No. 5497/92, vacating the sentence imposed thereon, the complainant Donna M.'s testimony regarding her lineup identification is suppressed, and a new trial on count six of the indictment is ordered, to be preceded by an independent source hearing regarding Donna M.'s in court identification; as so modified, the judgment is affirmed.

Based upon the particular facts of this case, we agree with the defendant's claim on appeal that he was denied his right to counsel at the pretrial lineup procedure at which he was identified by the complainant Donna M. As a result Donna M.'s lineup identification should have been suppressed *(see, People v LaClere,* 76 NY2d 670; *People v Cross,* 216 AD2d 407). Since Donna M. never testified at the *Wade* hearing, a de novo hearing to determine whether or not she had an independent source for her in court identification must be held prior to a new trial *(see, People v Burts,* 78 NY2d 20). Under the circumstances, where the only evidence identifying the defendant as one of the individuals who raped the complainant Donna M. was the lineup and in court identifications of the defendant by Donna M., we reject the People's contention that this error was harmless beyond a reasonable doubt *(see, People v James,* 218 AD2d 709; *cf., People v Cross, supra).*

In light of our decision, we need not reach the remaining issue raised by the defendant. Miller, J. P., Thompson, Sullivan and Joy, JJ., concur.