■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL DIAZ, Appellant. [640 NYS2d 799] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered January 21, 1993, convicting him of robbery in the second degree, grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress in-court identification testimony.

Ordered that the judgment is reversed, on the law, and a new trial is ordered to be preceded by an independent source hearing regarding the in-court identifications of the defendant by Fernando M. and Carmen D.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant stole a motor vehicle the value of which exceeded $100 (*see, People v Morris,* 218 AD2d 673; Penal Law §§ 155.30, 165.45).

However, while we agree with the hearing court's holding that the defendant was denied his right to counsel at the pretrial lineup procedure (*see, People v Bing,* 76 NY2d 331; *People v Vella,* 21 NY2d 249; *People v Horn,* 161 AD2d 603), we nevertheless hold that the court erred in proceeding to admit in-court identification testimony without first conducting an independent source hearing (*see, People v Jackson,* 74 NY2d 787; *People v Coates,* 74 NY2d 244; *People v Wong,* 223 AD2d 568; *People v Dorant,* 220 AD2d 767; *People v Sheffield,* 185 AD2d 256). Accordingly, the defendant's conviction must be reversed and the matter remitted for a new trial on all counts to be preceded by an independent source hearing (*see, People v Baghai-Kermani,* 84 NY2d 525; *People v Burts,* 78 NY2d 20; *People v Wong, supra*).

In light of our determination, we need not reach the defendant's remaining contention. Mangano, P. J., Miller, Altman and Friedmann, JJ., concur.