■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY COFIELD, Appellant. [672 NYS2d 139] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Roman, J.), rendered May 4, 1995, convicting him of criminal possession of a weapon in the third degree (six counts) and criminal sale of a firearm in the third degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Griffin, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the case is remitted to the Supreme Court, Queens County, to hear and determine the issue of whether the police obtained a valid waiver of the defendant's right to counsel at the lineup, and the appeal is held in abeyance in the interim. The Supreme Court, Queens County, shall file its findings of fact and conclusions of law with all due speed.

At the *Wade* hearing, the detective who conducted the lineup testified that the defendant was placed in the lineup pursuant to a court order; that he contacted the defendant's counsel in an unrelated matter, who declined to attend the lineup; and that the lineup proceeded without the defendant's counsel being present. It is undisputed that the defendant's right to counsel had attached at the time of the lineup, because his presence was secured by a court order (*see, People v Coleman,* 43 NY2d 222) and the issue of his right to counsel, which was never before raised, may be raised for the first time on appeal (*see, People v Kinchen,* 60 NY2d 772). Because it was not raised at either the suppression hearing or the trial, the People were not on notice to address the issue of whether the defendant waived his right to counsel. Therefore, the matter is remitted to the Supreme Court, Queens County, for a hearing on that issue (*see, People v McCrimmon,* 133 AD2d 350; *see also, People v Williams,* 146 AD2d 661). Miller, J. P., Ritter, Pizzuto and Altman, JJ., concur.