■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW WILLIAMS, Appellant. [682 NYS2d 126] —Appeal from judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered July 23, 1996, convicting defendant, after a jury trial, of robbery in the first and second degrees and sentencing him to concurrent, indeterminate terms of 10 to 20 years and 7½ to 15 years imprisonment, respectively, held in abeyance, and the matter remanded to the trial court to hear and determine the issue of whether the police obtained a valid waiver of the defendant's right to counsel at the lineup.

It is well settled that "a claimed deprivation of the State constitutional right to counsel may be raised on appeal, notwithstanding that the issue was not preserved by having been specifically raised in a suppression motion or at trial" (*People v Kinchen*, 60 NY2d 772, 773; *see also, People v Banks*, 53 NY2d 819). Here, defendant argued at the pretrial suppression hearing that he was deprived of his right to counsel at the court-ordered lineup because, even though his attorney in this case agreed to it being conducted in his absence, the police never tried to contact another attorney assigned to defend him in an unrelated Bronx case. Thus, in view of the fact that the defendant never raised the issue of whether there was a valid waiver, a claim now made for the first time on appeal, the People were not put on notice that they had to address the issue. We therefore remand the matter to the trial court for a hearing at which the People may present whatever evidence they have pertaining to that issue (*see, People v Williams*, 146 AD2d 661, 662; *People v McCrimmon*, 133 AD2d 350, 351, *appeal after remand* 142 AD2d 606). Concur—Milonas, J. P., Rosenberger, Ellerin and Andrias, JJ.