■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN GRIFFITHS, Appellant. [697 NYS2d 295] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Braun, J.), rendered June 6, 1994, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Hanophy, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress identification testimony is granted, and a new trial is Ordered, to be preceded by a hearing to determine the existence of an independent source for the in-court identification of the defendant.

The defendant's presence was secured at a post-indictment lineup pursuant to a court order since, at that time, he was incarcerated on an unrelated charge. As correctly conceded by the People, the lineup violated the defendant's right to counsel since his assigned counsel was not present (*see, People v Coleman,* 43 NY2d 222; *People v Cofield,* 249 AD2d 559; *People*

*v Thomas,* 155 AD2d 706, *affd* 76 NY2d 902). There is no indication in the record that the defendant waived this right. Moreover, the erroneous admission of the lineup evidence may not be deemed harmless since the eyewitness who viewed the lineup was the only witness to identify the defendant at trial as the shooter (*see, People v Thomas, supra*). Therefore, the defendant is entitled to a new trial, to be preceded by a hearing at which the People shall have the opportunity to establish whether an independent source exists for this witness's in-court identification of the defendant.

The defendant's remaining contentions are without merit. S. Miller, J. P., Sullivan, Altman and McGinity, JJ., concur.