■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PERRY COLE, Appellant. [708 NYS2d 8] —Judgment, Supreme Court, New York County (Marcy Kahn, J., at hearing; Herbert Altman, J., at plea and sentence), rendered January 29, 1998,

convicting defendant of attempted robbery in the first degree, and sentencing him, as a persistent violent felony offender, to a term of 16 years to life, unanimously affirmed.

Defendant's suppression motion was properly denied in all respects. The information provided by the garage attendant provided the police with, at a minimum, reasonable suspicion to believe that defendant was trying to steal an Audi automobile by presenting a clearly invalid parking voucher (*see, Brinegar v United States*, 338 US 160, 175), and the police were entitled to detain him briefly for a showup identification by the attendant (*see, People v Hicks*, 68 NY2d 234, 240). The officer's single question of defendant sought clarification of the situation rather than an admission, and did not constitute custodial interrogation necessitating administration of *Miranda* warnings (*see, People v Huffman*, 41 NY2d 29). After defendant was arrested for theft of the Audi automobile, he was brought to the precinct where a different detective determined defendant was a suspect in an earlier crime, a robbery involving a Jeep automobile. When defendant requested the presence of his attorney at the investigatory lineup concerning the robbery charge, the efforts of the police to honor that request, which included permitting defendant to attempt to reach the attorney by telephone, were sufficient, particularly in light of the lateness of the hour (*see, People v LaClere*, 76 NY2d 670). The composition of the lineup did not create a likelihood that defendant would be singled out (*see, People v Chipp*, 75 NY2d 327, 336, *cert denied* 498 US 833). We have considered and rejected defendant's remaining arguments. Concur—Wallach, Lerner, Andrias and Saxe, JJ.