■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ZWADIE NICHOLS, Appellant. [866 NYS2d 30]—

Judgment, Supreme Court, New York County (Roger S. Hayes, J., at suppression hearing; Bonnie G. Wittner, J., at jury trial and sentence), rendered March 17, 2005, convicting defendant of rape in the first degree, sexual abuse in the first degree (two counts) and attempted sexual abuse in the first degree, and sentencing him, as a second violent felony offender, to an aggregate term of 25 years, unanimously affirmed.

The hearing court properly denied defendant's suppression motion. Defendant was not denied his right to counsel at his investigatory lineup, since the police efforts to contact his attorney, consisting of calling the number left by the attorney twice and speaking to his office employee, who was herself unsuccessful in reaching the attorney, were reasonable under the circumstances (*see People v Cole*, 272 AD2d 131 [2000], *lv denied* 95 NY2d 864 [2000]). In any event, any error was harmless because there was overwhelming evidence of identity and the sole issue at trial was consent.

The trial court properly admitted a portion of defendant's statement to the police following his arrest in this case, in which defendant mentioned a prior incident, even though the other incident could be viewed as an uncharged crime or bad act. Since defendant attacked the victim's credibility by attempting to show that her version of defendant's behavior was implausible, the People were entitled to introduce this very limited evidence, showing that defendant behaved in the same manner on a prior occasion. This evidence helped explain the complainant's testimony about defendant's odd behavior and was not admitted to show propensity. "Had the People been prohibited from introducing that evidence, and thus explaining that it was credible that defendant would act in an abnormal manner, defendant would have been unfairly able to exploit the bizarreness of his acts" (*People v Johnson*, 196 AD2d 449, 452 [1993], *lv denied* 82 NY2d 850 [1993]). The probative value of this evidence greatly outweighed the risk of undue prejudice.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they primarily involve matters of strategy that are not reflected in the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

Defendant's arguments concerning the prosecutor's summation and the absence of a missing witness charge are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Defendant's pro se argument is also without merit. Concur— Lippman, P.J., Andrias, Buckley, Sweeny and Renwick, JJ.